[No. 6,834.—Department One.]

## A. F. Y. RAVENTAS ET AL. v. GEORGE W. GREEN.

GROWING CROP—ATTACHMENT—PERSONAL PROPERTY—DEFINITION.—An unripe growing crop is personal property not capable of manual delivery, and an attachment may be levied upon it as such.

ID.—ID.—ID.—ID.—ABANDONMENT.—An attachment upon such property in the possession of the defendant is sufficiently levied by serving upon him copies of the writ and statutory notice; and if the sheriff does nothing further until the crop is ripe, when he gathers it, there is no abandonment of the attachment.

APPEAL from a judgment for the defendant, and an order denying a new trial, in the Twelfth District Court, County of San Mateo. DAINGERFIELD, J.

*Fox & Ross*, and *D. M. Delmas*, for Appellants.

Where property is of such nature that an attachment of it would produce a sacrifice, and great injury to the defendant, without benefiting the plaintiff, it is not attachable. A growing crop is personal property. It must be levied on as personal property, by taking it into actual custody by severance.

It follows, that a growing crop, which is up and ready for harvest, may be attached, the levy being then made by an actual severance from the soil productive of no detriment to the owner; and that a green crop, not ready for harvest, cannot be attached, for the severance from the soil, the only way of taking it into custody, would destroy its value. (Drake on Attachment, § 249; *Morris* v. *Watson*, 2 Foster, 364; *Penhallon* v. *Dwight*, 7 Mass. 34; *Wallace* v. *Barker*, 8 Vt. 440; *Head* v. *Fairbanks*,

5 Met. 111.) There being no actual seizure, there was no sufficient levy, but even if the levy was sufficient, still the lien thereof upon the growing crop was abandoned. The sheriff did not go to the crop again during his term of office, and no one was placed in charge of the same for him.

*S. F. Leib*, for Respondent.

The growing crop was attached as property *not capable of manual delivery;* that is to say, in strict conformity with the Code of Civil Procedure, § 542, subd. 5.

Ross, J.:

One McClellan had leased a tract of land, on which he had growing a crop of unripe grain. An action was commenced against him for the recovery of a money demand, in which action a writ of attachment was issued and levied by the sheriff on the growing crop. Afterwards McClellan executed to the assignor of the plaintiffs, who had a notice of the attachment, a chattel mortgage on the crop. When the crop matured, the sheriff, holding the writ, reaped it, and subsequently, under an execution issued in the action against McClellan, sold it. The present action is brought by the holders of the chattel mortgage, to recover of defendant the crop or its value. It is contended by the appellants—plaintiffs in the Court below—first, that an unripe growing crop is not the subject of attachment; second, if so, that there was no valid attachment in this case; and third, that if this be true, that the lien of the attachment was abandoned.

There is no doubt that an unripe growing crop of grain is property. It is property subject to attachment (Code Civ. Proc. § 541), and is personal property (Civ. Code, § 2,955; *Davis* v. *McFarlane*, 37 Cal. 638). And it is personal property not capable of manual delivery (*Davis* v. *McFarlane, supra*, and authorities there cited).

Being personal property not capable of manual delivery, and being subject to attachment, how is it to be attached? In the third subdivision of § 542 of the Code of Civil Procedure, it is provided that "personal property capable of manual de-

livery must be attached by taking it into custody"; and in the fifth subdivision, that "debts and credits, and *other personal property not capable of manual delivery*, must be attached by leaving with the person owing such debts, or having in his possession or under his control such credits and other personal property, or with his agent, a copy of the writ and a notice that the debts owing by him to the defendant, or the credits and other personal property in his possession or under his control belonging to the defendant, are attached in pursuance of such writ." It is claimed that this last subdivision does not apply to a case like the present, where the personal property not capable of manual delivery is in the possession of the defendant in the attachment suit. While it is true that the statute may admit of that construction, we think it ought not to be given. The purpose of the statute was, as its language indicates, to declare the manner in which property subject to attachment should be attached; and with respect to personal property, provides that such property, when capable of manual delivery, must be attached by the officer taking it into his custody; but that where not capable of manual delivery, must be attached by leaving with the person having it in his possession or under his control, or with his agent, a copy of the writ and a notice that it is attached in pursuance of such writ. Personal property not capable of manual delivery, which is in the hands of the defendant to the attachment suit, is as much liable to attachment as if in the hands of a third person. Yet we are asked by appellants so to construe § 542 as to exempt such property from attachment, when it is in the possession of the defendant himself. A construction which would lead to such a result cannot be adopted.

In this case the sheriff, in levying the writ, did all the law required of him. Nor was there any abandonment of the levy. When the crop matured, he gathered it, and took it into his actual custody.

Judgment and order affirmed.

MCKINSTRY, J., and MCKEE, J., concurred.