## S. D. HALL *vs.* JAMES CARNEY.

Worcester. Sept. 28. — Oct. 24, 1885. FIELD & C. ALLEN, JJ., absent.

Under the Pub. Sts. *c.* 161, §§ 38, 39, railroad cars are, for the purposes of attachment, personal property; and an attachment of them in the manner pointed out in the Pub. Sts. *c.* 161, § 69, is sufficient.

TORT for the conversion of a railroad car. Trial in the Superior Court, without a jury, before *Barker*, J., who allowed a bill of exceptions, in substance as follows:

The car in question was, at the time of the alleged conversion, owned by the Grafton Centre Railroad Company, and was then, and for a long time previously had been, part of the rolling stock of that company in actual use on its track, and has ever since remained there. The railroad is located entirely within the limits of the town of Grafton in this Commonwealth, is of narrow gauge, and the rolling stock cannot be run on the track of any other railroad in its vicinity. On November 22, 1883, the plaintiff, who was a deputy sheriff, having in his hands for service a writ against the Grafton Centre Railroad Company, made a demand upon the president and superintendent of said road for property other than a railroad car upon which to make an attachment, and they refused to comply with his demand. Thereupon the plaintiff went to the car in question, then on the track in Grafton Centre, with his writ, for the purpose of making an attachment of the car as personal property of said railroad company, declared that he attached the same, and asked

the conductor if he would run the car off on a siding, and, upon his assenting, went away, leaving no keeper in charge of the car. The plaintiff afterwards, on the same day, at five o'clock in the afternoon, deposited in the office of the town clerk of Grafton an attested copy of the writ, and of so much of his return as related to the car, and afterwards returned the writ to the court from which it issued, certifying thereon that he had made a demand upon the president and superintendent of said railroad company, with which they refused to comply, to deliver to him property other than railroad cars upon which to make an attachment. The plaintiff made no attachment of real estate on the writ. The conductor did not run the car upon a siding, as he had agreed to do, but made a trip with this car to the other end of the line, where, about an hour later, it was taken possession of by the defendant, who was a constable, and who also undertook to attach it on another writ as personal property. The defendant retained possession of this car personally or by keeper until it was sold by him, under the provisions of the Pub. Sts. c. 161, § 89, to one Allen, who has never removed the car from the track. The plaintiff recorded his attachment of the car in the town clerk's office in Grafton about four hours after it was taken possession of by the defendant, as above stated. The defendant, as well as the plaintiff, before undertaking to attach the car, made proper demand for other property to attach, which was refused, and a correct return of the same was made on his writ.

The defendant asked the judge to rule that the plaintiff had no such title to the car in question that he could maintain this action; and that the car was a fixture, and could not be attached as personal property under the above circumstances. The judge refused so to rule, but ruled that the car was personal property, and liable to attachment as such, and that the plaintiff made a valid attachment of the same; and found for the plaintiff. The defendant alleged exceptions.

*W. T. Forbes*, for the defendant.

*J. Hopkins*, for the plaintiff.

By the Court. Railroad cars are, for the purposes of attachment, personal property. Our statutes clearly treat them as such, and provide a special mode of attaching them. Pub.

Sts. *c.* 161, §§ 38, 39. In the case at bar, the attachment by the plaintiff was made in exact compliance with the Pub. Sts. *c.* 161, § 69; and the Superior Court rightly ruled that it was a valid attachment.                        *Exceptions overruled.*

## MEMORANDUM.

ON the thirteenth day of October, 1885, the Honorable WILLIAM SEWALL GARDNER, one of the Justices of the Superior Court, was appointed a Justice of this Court, in place of Mr. Justice Colburn deceased, and took his seat upon the bench on the twentieth day of the same month, at the term of the court then held at Plymouth in the county of Plymouth.