## SAMUEL McCLELLAN v. FRANK KRALL.

GROWING CROP — *Judgment for Rent — Harvesting — Ingress and Egress.* H. rented a farm from M. for a term of three years from March 1, 1884, the rent to be payable in money at stated times. Failing to pay the rent for the first year when due, M. obtained a judgment against him on December 27, 1884, and caused an execution to be levied on a crop of winter wheat growing upon the rented land, and at the execution sale, held on January 9, 1885, the crop was purchased by K., to whom the judgment of M. had been assigned the day prior to the sale. M., by notice to and agreement with H., terminated the tenancy on March 1, 1885, and then sought to charge K., the purchaser at judicial sale, for the value of the use and occupation of the land on which the crop was growing, from March 1, 1885, until the crop ripened and was removed. *Held,* That K. did not become a tenant of M., or liable for any rent, but was entitled to ingress and egress over the land for the purpose of harvesting and removing the crop within a reasonable time after the same became ripe, without incurring any liability to the plaintiff for the value of the use and occupation of the land while the crop was ripening.

### *Error from Atchison District Court.*

THE opinion states the case. Judgment for defendant *Krall*, at the February term, 1887. The plaintiff *McClellan* brings the case here.

*Jackson & Royse*, for plaintiff in error.

*A. F. Martin*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This is an action to recover $200 for the use and occupation of forty acres of land from the 1st day of March, 1885, to the 2d day of June, 1885, when the action was instituted. Plaintiff, who was the owner of a farm, leased it to one Henke for a period of three years from March 1, 1884, at an annual rental of $475, payable at stated times. The rent for 1884 not being paid according to agreement, plaintiff began two suits against Henke to recover the rent, and judgments therein were obtained on December 27, 1884. Two days later the plaintiff caused an execution to be levied upon forty acres of wheat which had been sown by Henke and was growing upon the rented farm, which, after being advertised, was sold, on January 9, 1885, to the defendant, Frank Krall. On January 8, 1885, the plaintiff sold and transferred his interest in the judgments to Krall, and took his notes in payment for the same. In December, 1884, the plaintiff notified Henke that he must surrender the possession of the farm on March 1, 1885, which was done, and the farm was leased to another from that date, with the exception of the forty acres on which the wheat was standing.

Plaintiff insists that he is entitled to recover from the purchaser of the crop the use of the land from the 1st of March, 1885, until the crop was harvested, but the district court held otherwise. The ruling was correct. The relation of landlord and tenant did not exist between McClellan and Krall, and there was no contract that Krall should pay any part of the rent or for the use of the land for any time. He was a purchaser at a judicial sale, and acquired the interest of both McClellan and his tenant in the crop purchased. McClellan had a lien on the crop growing on his premises for the rent of 1884. To enforce that lien he caused the levy and sale of the growing crop sown that year by Henke. Un-

der these circumstances Krall was clothed with the interest or title of the landlord as well as with that of the tenant. By purchasing at such a sale Krall did not become a tenant or liable for rent, but he was entitled to ingress and egress over the land for the purpose of harvesting the crop when it became ripe.   He was entitled to a reasonable time after the crop ripened to harvest and remove the same, and this without any liability to the plaintiff for the use and occupation of the land while the crop was ripening.   (*Brittain v. McKay*, 35 Am. Dec. 738; *Coombs v. Jordan*, 3 Bland's Ch. 284; same case, 22 Am. Dec. 260; *Craddock v. Riddlesbarger*, 2 Dana [Ky.], 205; *Raventas v. Green*, 57 Cal. 254; *Hartwell v. Bissell*, 17 Johns. 128; *Smith v. Tritt*, 28 Am. Dec. 565; *Whipple v. Foot*, 2 Johns. 418; 4 Am. & Eng. Encyc. of Law, 893, and cases cited.)   There was no use or occupation of the premises by Krall beyond what was proper and necessary. In fact he was never upon the land but once, and then only for a few minutes.   If the purchaser at the judicial sale had failed to harvest and remove the crop within a reasonable time after it ripened, some liability might have arisen against him; but as this action was brought before the harvest season there certainly was no unreasonable delay by Krall and can be no liability against him.   It appears from the plaintiff's evidence that the crop was so badly injured and frozen as to be practically valueless, and was therefore abandoned by Krall; and this probably accounts for the premature action of the plaintiff in bringing this suit.   The purchase of the judgments against Henke the day prior to the sale will not change the rule or affect Krall's liability.   The plaintiff caused the levy to be made on the crop, the sale to be advertised, and Krall, having become a purchaser at such sale, is entitled to a reasonable opportunity to take possession of the crop when it was in a condition to take, without incurring any liability to the party who caused the levy and sale of the crop for the use of the ground on which it grew.

The judgment of the district court will be affirmed.

All the Justices concurring.