[No. 19579.    Department One.—February 3, 1896.]

JOHN RUDOLPH ET AL., RESPONDENTS, *v.* J. N. SAUNDERS, CONSTABLE, ETC., APPELLANT.

GROWING CROP—LEVY OF ATTACHMENT—INSUFFICIENT RETURN.—A growing crop must be attached as personal property not capable of manual delivery, by leaving with the person in possession thereof a copy of the writ, and a notice that such property is attached, pursuant to subdivision 5 of section 542 of the Code of Civil Procedure, and a constable's return of an attachment showing that he attached such crop by taking it into his custody, is insufficient to show a valid levy of the attachment.

ID.—ATTACHMENT PROCEEDINGS STATUTORY.—Proceedings by attachment are statutory and special, and the provisions of the statute must be strictly followed, or no rights will be acquired thereunder.

ID.—PROOF OF LEVY—FINDING—CONFLICTING EVIDENCE—APPEAL.—Where the constable was called to supplement his return by testifying that he served the copy of the writ and notice required by the statute upon the person who was in possession of the growing crop; and such person, on the other hand, testified positively that no notice of attachment whatever was served upon him, a finding, in view of the conflicting evidence, that no notice of attachment was served, will not be disturbed upon appeal.

ID.—CHATTEL MORTGAGE—LEVY OF EXECUTION.—Where a valid chattel mortgage exists upon a growing crop prior to a levy of execution, and there is no valid attachment lien prior to the chattel mortgage to which a sale under execution can relate, there can be no valid levy of execution upon the crop, without paying off the chattel mortgage as provided by section 2969 of the Civil Code.

APPEAL from a judgment of the Superior Court of Santa Barbara County and from an order denying a new trial. W. B. COPE, Judge.

The facts are stated in the opinion.

*W. I. Nichols*, for Appellant.

*Grant Jackson*, for Respondents.

SEARLS, C.—This action is brought by the plaintiffs, as copartners, to recover from the defendant, as constable of township 5, county of Santa Barbara, five hundred and twenty-one dollars and fifteen cents, and interest, on account of certain beans levied upon by him under and by virtue of execution.

Plaintiffs had judgment for six hundred and one dollars and sixty cents, interest and costs, from which judgment and from an order denying his motion for a new trial defendant appeals.

One James S. McBride was indebted to plaintiffs upon a promissory note in the sum of five hundred and twenty-one dollars and fifteen cents, with interest at twelve per cent per annum from the date thereof, viz., from June 8, 1893, and secured by a chattel mortgage executed by said McBride, under date of June 8, 1893, and duly recorded June 12, 1893.

On the tenth day of June, 1893, a writ of attachment duly issued out of justice court, in an action therein pending against said mortgagor James S. McBride, which writ of attachment was placed in the hands of the defendant as constable for service, and was by him on said tenth day of June, 1893, either levied or attempted to be levied upon the same property covered by plaintiffs' chattel mortgage, to wit, upon about thirty acres of growing beans, upon that portion of the Salsipuedes rancho, known as the "James Wells tract," being farmed to beans by said James S. McBride.

If the writ of attachment was properly levied, its lien was prior to that of plaintiffs' mortgage, and the judgment should have been for defendant. If not prior to such mortgage, it became the duty of the defendant as constable, when thereafter an execution was placed in his hands in the same case, and upon levying on the mortgaged property, to pay off plaintiffs' mortgage, as provided in sections 2968 and 2969 of the Civil Code, and having failed to do so the judgment is proper.

The return to the writ of attachment was as follows:

"I hereby certify that under and by virtue of the within and hereunto annexed writ of attachment by me received on the tenth day of June, 1893, I did, on the tenth day of June, 1893, attach the following described personal property in the possession of James McBride: Thirty acres of beans, more or less, now growing on the Salsipuedes rancho, on the land form-

erly farmed by James Wells, and attached the same by taking into my custody, and not putting a keeper in charge.                                       J. N. SAUNDERS,
                                          " Constable."

Subdivision 5 of section 542 of the Code of Civil Procedure provides that: " Debts and credits, and other personal property not capable of manual delivery, must be attached by leaving with the person owing such debts, or having in his possession or under his control such credits and other personal property, or with his agent, a copy of the writ and a notice that the debts owing by him to the defendant, or the credits and other personal property in his possession or under his control, belonging to the defendant, are attached in pursuance of such writ."

In *Raventas* v. *Green*, 57 Cal. 254, it was held that a growing crop is personal property not capable of manual delivery, and may be properly attached, when in the possession of the defendant in the attachment proceedings, by compliance with the subdivision of section 542 quoted above.

The return of the constable fails to show that he served upon the defendant any notice that the property was attached, or that he served a copy of the attachment upon him.

The return is not as full as that in *Brusie* v. *Gates*, 80 Cal. 462, which was held invalid.   It is true that was an attachment upon real property, but the requirement of the statute in reference to a service of copy of the writ and notice is in such a case similar to the requirement in attaching personal property not capable of manual delivery, and the reasoning of that case is applicable to and conclusive of the insufficiency of the return in the case at bar. (See, also, *Watt* v. *Wright*, 66 Cal. 202; *Sharp* v. *Baird*, 43 Cal. 579.)

Proceedings by attachment are statutory and special, and the provisions of the statute must be strictly followed, or no rights will be acquired thereunder. (*Gow* v. *Marshall*, 90 Cal. 567, and cases there cited.)

It is true the return states that defendant attached the property "by taking in my custody," but the property, being a growing crop not capable of manual delivery, could only be attached by service of the writ and a notice as provided by the fifth subdivision of section 542 of the Code of Civil Procedure.

The return of the constable was insufficient to show a valid levy of the attachment.

To remedy this defect and to show, not in contradiction of the return, but to show that the requisite acts in addition thereto essential to a valid levy were performed, defendant was permitted to testify and did testify that a copy of the attachment and a notice as provided by the statute were served upon McBride, the defendant therein.

On the other hand, McBride was called as a witness on the part of plaintiffs, and testified pointedly that no notice of attachment whatever was ever served upon him.

The finding of the court below is in favor of the plaintiffs, and, in the face of this marked conflict of evidence, we are not at liberty to disturb such finding.

The judgment and order appealed from should be affirmed.

Vanclief, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

      Harrison, J., Garoutte, J., Van Fleet, J.