## QUARLES et al. v. CITIZENS' NAT. BANK OF SALMON, IDAHO.

Circuit Court of Appeals, Ninth Circuit.
March 4, 1929.

No. 5624.

Richards & Haga and Charles H. Darling, all of Boise, Idaho, for appellants.

Jones, Pomeroy & Jones, of Pocatello, Idaho, and E. H. Casterlin, of Salmon, Idaho, for appellee.

Before RUDKIN and DIETRICH, Circuit Judges, and BEAN, District Judge.

DIETRICH, Circuit Judge. The controversy herein is over the title to a certain warehouse at Salmon City, Idaho. The structure is 48x80 feet, exclusive of a platform 8x48 feet, and is located upon a site leased from the Gilmore & Pittsburgh Railway Company. On April 15, 1922, the appellee bank commenced an action against the appellants' father, G. B. Quarles, then the owner, to recover on a promissory note for $4,556.99, and, pursuant to the state statutes, two days later caused to be issued a writ of attachment, with instructions to the sheriff of the county to levy upon the defendant's property. By section 6784 of the Compiled Statutes of Idaho of 1919 it is provided that "personal property capable of manual delivery must be attached by taking it into custody," and that "debts and credits and other personal property not capable of manual delivery must be attached by leaving with the person owing such debts, or having in his possession or under his control such credits or other personal property, or with his agent, a copy of the writ, and a notice that the debts owing by him to the defendant, or the credits or other personal property in his possession or under his control, belonging to the defendants are attached in pursuance to such writ."

The defendant was at the time in possession, and in executing the writ the sheriff left with him a copy thereof, together with a notice that the warehouse was attached in pursuance thereof, and arranged with one H. G. King, of Salmon City, to act as custodian. In due course final judgment was entered in the action for the amount claimed, with a recital of the attachment lien and directions that the sheriff sell the property. At a sale had on January 22, 1923, pursuant to a writ of execution, the appellee became the purchaser, and, being thereupon put in posses-

sion, it took a lease from the railroad company covering the site.

Under the state statutes, where property of a debtor is attached, other creditors may, by commencing actions and procuring judgments within a prescribed time, share pro rata in the proceeds of the property, and G. B. Quarles, who was indebted to the appellants, then minors, in the amount of $4,490.88, being desirous of protecting them, brought about the appointment of their uncle, H. L. McCaleb, as their guardian ad litem, and through him the commencement of a suit on May 31, 1922, for the recovery of such indebtedness. Shortly thereafter judgment was entered in their favor for $4,490.88. Thereupon, for the purpose of avoiding execution and securing the payment of the judgment, Quarles executed to the guardian ad litem, for his wards, a chattel mortgage covering the warehouse. In September, 1922, the guardian caused the mortgage to be foreclosed, and at the sale Rose Loring Quarles, wife of G. B. Quarles, became the purchaser on behalf of the plaintiffs, to whom she thereafter transferred title.

If appellee's attachment was valid, appellants virtually concede that all rights they had as mortgagees and as purchasers at the foreclosure sale were cut off by the execution sale; and if the warehouse was "personal property not capable of manual delivery," within the meaning of the state statute, there is no room for doubt that the attachment proceedings were effective.

No decision of the Idaho courts has been called to our attention construing the statutory provisions in question, but they were adopted from California, and under the construction put upon them by the courts of that state the warehouse is clearly to be deemed "personal property not capable of manual delivery." In the comparatively recent case of Irilarry v. Byers, Sheriff, 84 Cal. App. 28, 257 P. 540, an attachment of a dredge without taking the dredge into custody was sustained; the District Court of Appeal for California saying: "There is no necessity for an actual handling of heavy and unmanageable articles to levy or maintain an attachment. Dreisbach v. Braden, 40 Cal. App. 407, 181 P. 262. The mere service of a writ upon the defendant, as in the case of attachment of real estate, is sufficient. Rudolph v. Saunders, 111 Cal. 233, 43 P. 619. It is not requisite to the attachment of personal property not capable of manual delivery that it be taken into custody by the sheriff, nor that, having been taken by him, its possession be retained. Code Civ. Proc. § 542, subd. 5."

In Raventas v. Green, 57 Cal. 254, a case decided in 1881 when the California statute was identical with the Idaho statute, the Supreme Court of California, in sustaining an attachment upon a growing crop, said: "Personal property not capable of manual delivery, which is in the hands of the defendant to the attachment suit, is as much liable to attachment as if in the hands of a third person. Yet we are asked by appellants so to construe section 542 as to exempt such property from attachment, when it is in possession of the defendant himself. A construction which would lead to such a result cannot be adopted." See, also, Cardenas v. Miller, 108 Cal. 250, 39 P. 783, 41 P. 472, 49 Am. St. Rep. 84; Rudolph v. Saunders, 111 Cal. 233, 43 P. 619; Dreisbach v. Braden, 40 Cal. App. 407, 181 P. 262.

So construed, the statute seems to state the prevailing rule, rather than an exception thereto. At 17 R. C. L. § 78, p. 181, it is said: "It should be observed, however, that although there are many cases in which executions or attachments have been sustained, where the property, though personal, was not reduced to the actual possession of the officer, such as the attachment of blocks of granite, a house on another person's land, a barn full of hay, etc., these decisions were in the main not intended to disturb the law requiring an officer to take possession of personal property, but were merely relaxations of the rule on the subject, owing to the ponderous and bulky nature of the property to be attached; and to meet such cases, adequate provision is now very generally made in the statutes of the several jurisdictions." See, also, Hall v. Carney, 140 Mass. 131, 3 N. E. 14.

As being to the contrary, appellants cite Crisman v. Dorsey, 12 Colo. 567, 21 P. 920, 4 L. R. A. 664, but it turns out that in that case a materially different statute was involved, the language being "debts, credits, and other things in action, which are not capable of manual delivery, shall be attached by leaving with the person owing such debts * * * or with his agent, a copy of the writ of attachment," etc. Indeed, there has not come to our attention any decided case out of harmony with the California decisions, where statutory language substantially identical with that of the Idaho and California law was involved. Accordingly we are of the opinion that the attachment was valid.

Our conclusion on this branch of the case necessarily requires affirmance of the decree, and therefore we do not consider other questions.

Affirmed.