[No. 2,218.]

GEORGE F. SHARP *v.* JOHN H. BAIRD, ISAAC N. THORNE, I. E. THORNE, CHARLES J. BRENHAM, AND JOHN DOE.

ATTACHMENT—SHERIFF'S DEED.—A Sheriff's deed, executed in pursuance of a judgment obtained in an attachment suit, takes effect by relation as of the date at which the attachment was levied, and overreaches any deed made subsequent to such date.

SERVICE OF ATTACHMENT OF REAL PROPERTY.—It is the duty of the Sheriff, in serving an attachment of real property, to deliver a copy of the attachment to the occupant, if there be one, or if there be no occupant, then to post a copy of the attachment in a conspicuous place on the premises.

INDORSEMENT ON ATTACHMENT.—It is the duty of the Sheriff, when returning an attachment of real property, to indorse thereon what acts he performed in serving the writ, and it will be presumed that he states all that he did towards making the service.

INVALID ATTACHMENT.—A service of an attachment on real estate, made by posting a *"notice"* instead of a copy of the attachment on the most public part of the property attached, is not valid, and creates no lien on the property.

APPEAL from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

The plaintiff had judgment, and the defendants appealed. The other facts are stated in the opinion.

*Wilson & Crittenden,* for Appellants.

*George F. & William H. Sharp,* for Respondent.

By the Court, CROCKETT, J.:

It was admitted on the trial that on the 5th day of November, 1855, Sanders and Brenham, under whom both parties claim, were the owners in fee, and entitled to the possession of the demanded premises; and the case shows that on that day several attachments were issued against

them, which the plaintiff claims were duly levied on this property. It further appears that the attachment suits soon afterwards ripened into judgments, on which executions subsequently issued, under which the property was purchased by the plaintiff at Sheriff's sale, and for which, in due time, he obtained the Sheriff's deed. This is the plaintiff's title.

But it further appears that on the same day on which the attachments are alleged to have been levied, Brenham commenced an action against Sanders for the dissolution of their copartnership, alleging that the firm was insolvent, and praying for a settlement of its affairs, the appointment of a Receiver, and the application of the partnership property towards the payment of the partnership debts.

On the same day Sanders filed his answer, admitting the allegations of the complaint, and consenting to a decree as prayed for. Thereupon the Court, on the same day, appointed Bernhard Peyton, Receiver, and entered an order directing Sanders and Brenham to convey and deliver to the Receiver all their partnership property of every description.

In obedience to this order Sanders and Brenham, on the same day, by a deed in due form, conveyed to Peyton, as Receiver, all the real estate of the firm, including these premises.

Peyton afterwards resigned his trust as Receiver, and conveyed the property to his successor; and the defendant Baird, who is the present Receiver, now holds this title in his capacity of Receiver, the action of *Brenham* v. *Sanders* being still pending. The present action is ejectment, and the plaintiff cannot recover unless he holds the legal title.

The deed from Sanders and Brenham to Peyton was long prior in date to the Sheriff's deed, under which the plaintiff claims. But the plaintiff contends that the Sheriff's deed took effect by relation, as of the date at which the attachments were levied, and, therefore, overreaches the deed to

Peyton, which, though made on the same day, was subsequent in time to the levy of the attachments.

If the legal principle involved in this proposition be conceded to be correct, of which there is no doubt, it becomes material to inquire whether the attachments were, in fact, levied on the property so as to create a valid lien thereon.

Section one hundred and twenty-five of the code, as it stood in 1855, provided that, in levying an attachment on real property, the Sheriff shall deliver a copy of the attachment to the occupant, if there be one, and if there be no occupant, that he shall post a copy in a conspicuous place on the premises, and shall file a copy in the office of the Recorder, together with a description of the property attached. On each of these attachments the Sheriff returned that, by virtue of the writ, he had attached all the right, title, and interest of Sanders and Brenham in and to the property—describing it—" and that he posted a notice on the most public part of said described property, and filed and recorded a copy of the writ and of the above description with the County Recorder of the City and County of San Francisco, on November 7th, 1855." This return does not show a valid service of the attachment. It was the duty of the officer to deliver a copy of the attachment to the occupant, if there was one; and if there was no occupant, then to post a *copy of the attachment* in a conspicuous place on the premises. These returns do not show whether or not there was an occupant of the premises; and if we were at liberty to infer that there was no occupant, on the ground that we are to presume the Sheriff did his duty, and would have delivered a copy to the occupant, if there had been one; and if we assume that there was, in fact, no occupant, then it was the duty of the Sheriff to post on the premises a *copy of the attachment.* The return does not show that this was done, but only that a " *notice* " was posted on the premises. The purport of this " *notice* " does not appear; but if it did, the Sheriff had no

authority to substitute a notice for the copy which the statute required to be posted.

Section one hundred and forty-one of the code requires the Sheriff to return an attachment "with a certificate of his proceedings indorsed thereon, or attached thereto." It is his duty to state in his return what acts he performed in serving the writ, in order that the Court may be enabled to decide upon its sufficiency to constitute a valid service.

We must assume, therefore, that in these returns the Sheriff stated all he did toward making the service; and as these acts did not constitute a valid service, there was no lien created by the attachments.

In *Main* v. *Tappener*, ante, 206, we held that, in order to create a lien, the requisite acts must not only be performed by the officer, but that they must be performed in the order prescribed by the statute.

It results from these views that the attachments under which the plaintiff claims created no lien on the property; and the judgments, on which the executions issued, not having been docketed until after the deed to Peyton was executed and delivered, there was no judgment lien, to which the Sheriff's deed could relate, so as to overreach the legal title then held by Peyton, and now vested in the defendant, Baird.

I am, therefore, of opinion that the plaintiff is not entitled to recover in this form of action.

This view of the case renders it unnecessary to decide the other questions presented on the appeal.

Judgment reversed and cause remanded for a new trial.