[No. 13164. In Bank. — September 10, 1889.]

## JAMES BRUSIE, RESPONDENT, v. SAMUEL GATES ET AL., APPELLANTS.

QUIETING TITLE — POSSESSION — LIMITATION — PLEADING. — Under the code, the right is given to prosecute an action to quiet title without reference to the question of possession, and the complaint need not aver that the plaintiff has been in possession of the land within a period of five years, or show that his cause of action is not barred by the statute of limitations. If it does not appear upon the face of the complaint that the action is barred, the question can only be presented by answer.

ATTACHMENT — LEVY UPON REAL PROPERTY — CONSTABLE'S RETURN. — A general return by a constable that he attached certain described real estate is not sufficient to show a valid levy. It is the duty of the officer to specify in his return what particular acts he performed in serving the writ, that the court may be enabled to decide upon its sufficiency to constitute a valid service.

ID. — PAROL EVIDENCE TO SUPPLEMENT RETURN — GENERAL CERTIFICATE OF SERVICE — NOTICE TO PURCHASER. — If the return of the officer upon a writ of attachment contains a general certificate that he attached certain real property, and further specifies, in addition, certain acts which are insufficient to make a valid service of the attachment, parol evidence of the officer is admissible to supply the omitted facts, so long as the facts stated in the return are not varied or contradicted, and such general return of service is sufficient to charge a subsequent purchaser with notice

of the omitted facts, if the service was in fact complete. But the parol evidence to supplement the return must be clear and satisfactory, and not rest upon presumption.

APPEAL from a judgment of the Superior Court of Stanislaus County, and from an order denying a new trial.

*W. E. Turner,* and *E. W. McKinstry,* for Appellant.

The complaint should show a possession of plaintiff within five years before the commencement of the action, under sections 318 and 319 of the Code of Civil Procedure. The constable's return of attachment does not show that the occupant of the property was served with a notice that the property was attached, nor with a description of the premises sought to be attached, as required by section 542 of the Code of Civil Procedure, and the service was therefore void. (*Sharp* v. *Baird,* 43 Cal. 579; *Watt* v. *Wright,* 66 Cal. 207; *Schwartz* v. *Cowell,* 71 Cal. 306; *Gates* v. *McLean,* 70 Cal. 47; *Moore* v. *Hamilton,* 2 Gilm. 429; *Goodwin* v. *Smith,* 4 N. H. 34; *Cox* v. *Johns,* 12 Vt. 65; *Carleton* v. *Ryerton,* 59 Me. 439; *Bessey* v. *Vose,* 73 Me. 219; *French* v. *Edwards,* 13 Wall. 512; *Main* v. *Tappener,* 43 Cal. 209; Drake on Attachment, 29, 204, 236 a; *Wilder* v. *Holden,* 24 Pick. 11; *Emerson* v. *Upton,* 9 Pick. 167; *Menley* v. *Zigler,* 23 Tex. 89; *Tiffeny* v. *Glover,* 3 Iowa, 387.) Parol proof, was not admissible to affect the sufficiency of the return, nor could it be amended as against the vested rights of third parties. An intervening party has a complete right to rely upon the return as it stood when his rights were acquired. (*Newhall* v. *Provost,* 6 Cal. 87; *Webster* v. *Haworth,* 8 Cal. 25; Smith on Sheriffs, 215; *Bannister* v. *Higginson,* 15 Me. 73; *Wilkie* v. *Hall,* 15 Conn. 32; *Bowman* v. *Stark,* 6 N. H. 460; *Williams* v. *Bracket,* 8 Mass. 241; *Emerson* v. *Upton,* 9 Pick. 168; *French* v. *Edwards,* 2 Pac. C. L. J., 148–155; *Freeman* v. *Paul,* 3 Greenl. 263; *Thatcher* v. *Miller,* 13 Mass. 273; *Means* v. *Osgood,* 7 Me. 148; *Gillmore* v. *Stet-*

*son,* 16 Me. 124; Wade on Attachment, 155; *Bessey* v. *Vose,* 73 Me. 219.)    Proof to correct a return should be beyond all reasonable doubt.    (*Johnson* v. *Bay,* 17 Pick. 108.)

*Thomas B. Bond, Stonesifer & Minor,* and *S. C. Denson,* for Respondent.

The demurrer was properly overruled; the case is exactly within section 380 of the Code of Civil Procedure. (Code Civ. Proc., sec. 838; *People* v. *Center,* 66 Cal. 551; *Hancock* v. *Plummer,* 66 Cal. 338; *Stoddart* v. *Burge,* 53 Cal. 394; *Rough* v. *Simmons,* 65 Cal. 227.)    The attachment was properly levied, and it must be presumed that official duty was regularly performed.    (Code Civ. Proc., sec. 1963, subd. 15; *Ritter* v. *Scannell,* 11 Cal. 247; 70 Am. Dec. 775; *Porter* v. *Pico,* 55 Cal. 172.)    Parol evidence was admissible to supply omitted facts, the return not being the only evidence, nor conclusive.    (*Ritter Scannell,* 11 Cal. 247; 70 Am. Dec. 775; *Porter* v. *Pico,* 55 Cal. 172; *Davis* v. *Baker,* 72 Cal. 494; *Kitchen* v. *Reinsky,* 42 Mo. 427; *Wilson* v. *Madison,* 55 Cal. 5; *Blood* v. *Light,* 38 Cal. 651; 99 Am. Dec. 441; Code Civ. Proc., sec. 1978.)

WORKS, J. — This is an action to quiet title.    The title of the respondent depends upon the validity of the levy of a writ of attachment on the property in the hands of the appellant's grantor and the subsequent sale of the same on execution.    The attachment issued out of the justice's court, judgment was recovered, and subsequently recorded in the recorder's office of the proper county; an execution was issued and placed in the hands of the sheriff, and the property sold to the respondent, who was the judgment creditor.    The property was purchased by the appellant from the judgment debtor for a valuable consideration between the time of the levy of the writ of attachment and the recording of the judgment in the recorder's office.    Therefore the respondent's right to

recover depends, in the first instance, upon the validity of the levy of the writ of attachment, as the appellant became a purchaser for a valuable consideration before the judgment became a lien on the property.

The appellant contends that the complaint does not state a cause of action, and that the demurrer thereto was improperly overruled, for the reason that it fails to show that the plaintiff was, or had been within five years, seised or possessed of the property in controversy.

Under the old practice act a party out of possession could not maintain an action to quiet title to real estate. (Practice Act, sec. 254; *San Francisco* v. *Beideman*, 17 Cal. 461; *Rico* v. *Spence*, 21 Cal. 504.) But the present code gives the right to prosecute the action, generally, without reference to the question of possession. (Code Civ. Proc., secs. 380, 738; *People* v. *Center*, 66 Cal. 551.) Counsel for appellant concede this to be so, but claim that under sections 318 and 319 of the Code of Civil Procedure the plaintiff must at least show that he has been in possession of the land within a period of five years. But in our judgment the sections referred to do not apply to actions of this kind. (*Richardson* v. *Williamson*, 24 Cal. 299); and if they did, they are statutes of limitation, and do not affect the question of pleading raised here. It was not necessary for the respondent to show in his complaint that his cause of action was not barred by the statute of limitations. It not appearing on the face of the complaint that the action was barred, the question could only be presented by answer.

It is earnestly contended by the appellant that no valid levy of the attachment was shown by the evidence. The constable's return, introduced in evidence, was as follows:—

" I hereby certify that I received the annexed writ of attachment on the second day of October, 1878, and served the same on the same day by attaching the following described real estate, to wit:—

LXXX. CAL.—30

"Lots Nos. 12, 13, 14, 15, 16, in block No. 68, in the town of Modesto, Stanislaus County, state of California, and filing a notice thereof with the county recorder of said county, and delivering a copy of said attachment to B. B. Garner, an occupant of said real estate."

It is claimed that this return is insufficient to show a valid levy, for the reason that it does not show that the occupant of the land was served with notice that the property was attached, nor with a description of the premises sought to be attached, as provided by section 542 of the Code of Civil Procedure.

The section referred to provides what shall be done to constitute an execution of the writ. If it be necessary for the return of the officer to set out specifically the acts done by him in executing the writ, the return before us is insufficient as claimed. If, on the contrary, it is sufficient for the officer to make return in general terms that he *served* the writ by *attaching the property* (describing it), this return shows a valid levy. In order to show that the return was insufficient, counsel for appellant misstates the language of the return. He says: "His return is that he 'served the same by attaching the property [describing it] *by* filing a notice thereof with the county recorder of said county, and delivering a copy of said attachment to B. B. Garner, an occupant of said real estate.' "

The return is not that he served the writ *by filing the notice*, etc., but that he served the same *by attaching the property and* filing the notice, etc.

If a general return that he served the writ by attaching the property (describing it) was sufficient, the additional statement therein that he also filed a notice, etc., may be regarded as surplusage, and we have a return showing a valid levy of the writ.

The officer serving the writ is required to return the same "with a certificate of his proceedings indorsed thereon or attached thereto." (Code Civ. Proc., sec. 559.)

If this were an open question, we should be inclined to hold that a general return of service was sufficient, and that it must be presumed, when the officer returned that he had served the writ by attaching the described property, that he had performed every act necessary to such service. (*Ritter* v. *Scannell*, 11 Cal. 247; 70 Am. Dec. 775.) But this court has held to the contrary in the later cases, and we feel that we should adhere to these decisions. (*Sharp* v. *Baird*, 43 Cal. 579; *Watt* v. *Wright*, 66 Cal. 207; *Gates* v. *McLean*, 70 Cal. 47.)

*Sharp* v. *Baird*, *supra*, is directly in point. The court said in that case: "Section 141 of the code requires the sheriff to return an attachment 'with a certificate of his proceedings indorsed thereon or attached thereto.' It is his duty to state in his return what acts he performed in serving the writ, in order that the court may be enabled to decide upon its sufficiency to constitute a valid service. We must assume, therefore, that in these returns the sheriff stated all he did toward making the service; and as these acts did not constitute a valid service, there was no lien created by the attachments."

*Watt* v. *Wright*, *supra*, differs from the case at bar, in that in the return passed upon there the officer made return that he had served the writ *by* doing certain acts, not including some of the acts named in the statute.

*Gates* v. *McLean*, *supra*, decided that the very return we are now considering was not sufficient to show a valid levy. It is true, as contended by counsel for respondent, that the action before the court was not between the parties to this action, or their privies, and therefore not conclusively binding upon them, but it is a case directly in point, and should control our decision as to the sufficiency of this return. (*Kerns* v. *Dean*, 77 Cal. 555.)

The respondent, recognizing the weakness of his case in this respect, attempted to piece out the constable's return by parol evidence that the acts required by the statute to constitute a valid levy of the writ, and omitted

in the return, were actually done. The constable himself was called by the respondent, and it was proposed to prove by him that he had done the acts omitted in the return. This was objected to by the appellant, on the ground that it was irrelevent and incompetent; that it was evidence tending to contradict the return of the officer, and that the appellant could not be bound by the acts done by the officer, but not set out in the return, and such acts would not be notice to him.

As we read the constable's return, this evidence did not tend in any way to contradict it. The offer was not to prove that the return was false in any respect, but to prove that something was done in addition to what was therein recited. Nor do we think the evidence could have been excluded on the ground that the appellant was not bound to take notice of acts done by the officer, and not set out in his return. It is conceded that he had notice of the judgment and the issuance of the attachment. The return of the constable and the recording of the notice of the attachment in the recorder's office was notice sufficient to put him on inquiry, and, if the return might lawfully be aided by parol evidence, he was bound to take notice of the fact, and he took the land at his peril, and subject to the right of the respondent to make good his title by such evidence.

The written return of an officer is not the only evidence of the fact that the writ was properly served; therefore, if the return simply omits to state any fact necessary to a valid service, such fact may be supplied by parol evidence, so long as the facts stated in the return are not varied or contradicted in such way as to affect vested rights. (*Ritter* v. *Scannell*, 11 Cal. 249; 70 Am. Dec. 775; *Porter* v. *Pico*, 55 Cal. 172; *Davis* v. *Baker*, 72 Cal. 495.)

The lien of the attaching creditor does not depend upon the return of the officer, but upon the levy made by him, and if he has made the proper levy, and fails to

make a proper or any return, the party in whose favor the writ is issued cannot be deprived of his rights under the same, but may, by other evidence, show that a valid levy was made. The same is true of a purchaser under an execution whose title depends upon the validity of the attachment levy. (*Wilson* v. *Madison*, 55 Cal. 8; *Blood* v. *Light*, 38 Cal. 652; 99 Am. Dec. 441.)

The cases cited by counsel for appellant are not in conflict with what we have said. They sustain the proposition that where the officer states in his return that he did certain acts, as constituting the levy, which do not make the levy valid, subsequent purchasers have the right to rely upon such return as one stating, in effect, that the acts named were all the acts done by him. This doctrine is fully sustained by the authorities. But that is not this case. Here the officer states, in general terms, that he served the writ by attaching the property, and the fact that he proceeded to state, in addition, that he did certain acts, specifically naming them, is not sufficient to entitle a subsequent purchaser to reject the general statement in the return, and maintain that he did nothing but what is specifically set out.

The authorities cited, to the effect that an officer cannot amend his return so as to affect rights which have vested on the faith of his return as originally made, have no bearing on the question. There was no offer here to *change* the return by parol evidence, which certainly could not be done so as to affect vested rights, but to prove something in addition to the facts recited in the return, and entirely consistent with it. It is in no sense an attempt to contradict, vary, or change the return.

It is further contended that the parol testimony was not sufficient to show a valid return. In this we fully agree with counsel for appellant. The only witness who testified on the subject was the constable, who, it was claimed, made the levy. He testified that the levy was made ten years before. It is perfectly apparent that he

had no clear recollection of what had been done by him. After his attention had been called to the several papers about which he was expected to testify, his examination proceeded as follows:—

"Q. Under and by virtue of that writ of attachment, what did you do? A. I levied on those lots; attached the lots. I put up notice of that kind, left a notice of that kind with B. B. Garner, the occupant of the property. I gave him a notice similar to this, a copy of the writ, and the notice that the property was attached. That is my recollection of it.

"Q. Then what did you do after giving the notice to Garner, the occupant? A. I filed this, or something similar to it, in the recorder's office here.

"Q. Did you do both of those things on the same day? A. I think so. I think I did. It was all right here in town, and I think I did it all the same day."

And on cross-examination:—

"Q. This is ten years ago, is n't it? A. Yes, sir.

"Q. Have you any recollection now as to what you did on that occasion? A. Yes, sir.

"Q. You have a recollection? A. I have a recollection of doing just what I said I done.

"Q. You have a recollection of going to the premises and giving to Barney Garner some papers, have you? A. Yes, sir.

"Q. Do you recollect what papers you gave him? A. No; I could n't say exactly what it was, any more than I gave him a copy of the writ of attachment and notice of attachment. That is what I suppose.

"Q. You suppose? A. Yes, sir.

"Q. And you only say that because it is your usual custom, is n't it? A. Not only that, but because it is my duty as well as my usual custom.

"Q. The question is now, Have you any recollection of this particular act that took place ten years ago? A. I served a paper on Barney Garner. I can't say whether

it was just as that is or not. There might be some difference in it; I could n't say. There might have been a mistake the same as there is in the return; but I intended it to be just as that is.

"Q. The question with me is a very easily answered one. Have you any recollection — definite recollection — now as to what you served upon Barney Garner? A. I served a copy of the writ of attachment.

"Q. The basis of your testimony now is that you did serve him a copy of it, because that was your usual custom and because it was your duty? A. I know I served a copy of the writ on him.

"Q. You know you served a copy of the writ? A. I don't know whether it was just word for word.

"Q. You don't know as to the notice? A. No; I would n't swear to it.

"Q. Now, let us see. Then, after having served this upon him, you then came and filed it in the recorder's office? That is your recollection? A. That is my recollection. It was filed there, I know.

"Q. And you recollect that act,— that particular act, —ten years ago, do you? A. Yes, sir.

"Q. Doing that particular act? A. Yes, sir; I am satisfied that I did.

"Q. Did n't you, a few moments ago, say that you could not swear that you did? A. I am satisfied that I did.

"Q. Did n't you, a few moments ago, say that you could not swear that you did give him a copy of that notice? A. *I did n't swear it; I am satisfied that I did, but I am not going to swear that I did.*

"Q. You are not going to swear that you did, but you are satisfied that you did? A. Yes, sir; I am. I served a notice,—a copy of the writ. I know that."

The propriety of permitting the acts of an officer to be shown by parol, where he is required by law to make return thereof in writing, is open to serious question.

And where such proof is allowed, the evidence must be clear and satisfactory.

The evidence of this witness is anything but clear or satisfactory. As to one of the acts necessary to be done by him, viz., the service of the notice, he expressly says on cross-examination that he is not willing to swear that he served such notice, and he did not, and would not, swear that the other papers served were copies of the originals. It is evident that he testified to these facts, not from personal recollection of them, but because the law made it his duty to do certain things, and therefore he had done them. He *presumed* that in that instance the officer had done his duty,—a very natural presumption to be indulged in by him under the circumstances. If this evidence was sufficient, title to real estate in this class of cases must rest upon a most uncertain foundation. We know of no rule of law or reason that would justify us in holding it to have been sufficient, and we are clearly of the opinion that it was not.

There are other questions discussed in the briefs, but as the one last mentioned is decisive of the case, the others need not be considered.

Judgment and order reversed, and cause remanded.

PATERSON, J., THORNTON, J., and SHARPSTEIN, J., concurred.