[Civ. No. 3336. Second Appellate District, Division One.—February 16, 1921.]

A. CLAUDE BRADEN, Respondent, v. JOHN C. CLINE, Appellant.

[1] CLAIM AND DELIVERY—POSSESSION OF PERSONAL PROPERTY—CLAIM OF OWNERSHIP AND UNDER LEASE—RELATIVE RIGHTS OF POSSESSOR AND SHERIFF.—One in possession of personal property not only under claim of ownership by purchase, but also by virtue of renting the same from its owner, is entitled to the property, as against a sheriff under a writ of attachment issued in an action against the owner, unless the sheriff can show a better right thereto.

[2] ID.—LOSS OF ATTACHMENT LIEN—ABANDONMENT OF POSSESSION—EVIDENCE—AFFIDAVIT OF PLAINTIFF.—In an action for the possession of personal property against a sheriff, it was error to admit in evidence, over defendant's objection, the affidavit of the plaintiff in support of his contention that the lien of an attachment

———

1. Right to maintain replevin for goods seized under process against another, notes, 7 Ann. Cas. 907; 11 Ann. Cas. 302.

had been lost by abandonment of the property by the sheriff, but
the error was without prejudice where the fact was established by
other evidence.

APPEAL from a judgment of the Superior Court of
Los Angeles County. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. F. Culver for Appellant.

Hahn & Hahn for Respondent.

SHAW, J.—This action, wherein judgment was rendered
for plaintiff and from which defendant appeals, grew out
of the following facts: At a time when plaintiff, claiming
to be the owner thereof, was in possession of certain per-
sonal property described in the complaint, the defendant,
as sheriff, seized the same under and by virtue of an execu-
tion issued upon a personal judgment for money rendered
in an action brought by Joseph Uhlein against Edward
J. Sheehan, a nonresident, upon whom service was obtained
by publication, and on May 16, 1918, the property was by
the sheriff sold under execution to Uhlein. At the time
of the commencement of the action, August 19, 1916, a writ
of attachment was levied upon the property, of which
Sheehan was concededly the owner. While it appears that
the writ of attachment was duly levied upon the property,
the court found that on September 16, 1916, the sheriff
withdrew the keeper placed in charge of the property, which
was located in a building owned by D. E. Myers and of
which Sheehan was lessee, and surrendered possession of
the building, together with custody of the property, and
thereafter exercised no control over the same until May,
1918, when, after the lapse of nearly two years, he as
sheriff again took possession of the property under the writ
of execution so issued upon the judgment in said action.
About March 1, 1917, plaintiff leased the building from
Myers and, through a purported agent of Sheehan, rented
the property involved, paying twenty-five dollars per
month for the use thereof, up to February 28, 1918, when
he purchased the same from D. E. Myers, whose title to
the property was based upon its purchase at a sale thereof

under an execution issued upon a judgment obtained by Myers against Sheehan. It is conceded by both parties that this judgment was void on its face, and hence Myers acquired no title to the property which he purported to transfer to plaintiff. [1] Nevertheless, plaintiff was in possession of the property not only under claim of ownership by purchase, but also by virtue of renting the same from its owner, Sheehan, and, however weak his claim might be, he was entitled to the same, unless the sheriff showed a better right thereto. Since Sheehan was a non-resident, no enforceable personal judgment could be rendered against him; hence, if by reason of an abandonment of the attachment the property was not subject to the lien thereof, the act of the sheriff in seizing the property was wrongful. [2] In support of plaintiff's contention that the lien was lost by abandonment and surrender of possession of the property by the sheriff, his affidavit to that effect was received in evidence over defendant's objection. This ruling undoubtedly was error. Nevertheless, it cannot be deemed to have prejudiced defendant's case because facts are established by uncontradicted evidence which conclusively show that defendant had, at the request of Uhlein, surrendered custody of the property to another representing the attaching creditor, and that defendant had had no control thereof for a period of some two years before the levy of the execution issued upon the personal judgment so rendered against Sheehan in favor of Uhlein, during which period, extending from about March 1, 1917, to May 6, 1918, plaintiff had been in the absolute possession and control of the property, claiming the right thereto both as lessee of Sheehan and as purchaser from Myers. Whether or not the sheriff was justified in thus surrendering possession of the property so attached, because plaintiff refused to pay the compensation of a keeper, is immaterial.

The important fact is that he voluntarily relinquished possession and control of the property, by reason of which the lien due to the levy of the writ was lost and possession of the property restored to Sheehan as completely as though the writ had been discharged by an order of court.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 14, 1921.

All the Justices concurred.