SCHAUER, J.
 

 Plaintiff claims possession of the personal property here involved—an air compressor, a 100 foot air hose, and two jackhammers—under a chattel mortgage admittedly executed by the owner of the described property and recorded at 10:16 A. M. on October 2,1934; and' said plaintiff is manifestly entitled to the relief he seeks unless prevented by the intervention of some prior or superior right. The only right asserted to be so prior or superior is that which defendant Roberts, as receiver of B. Hayman Co., Inc., claims to have acquired by attachment proceedings in the superior court case of
 
 Roberts, etc.,
 
 v.
 
 Cheney et al.,
 
 No. 368593. Several attempts were made in that case to impress a lien upon the above-mentioned property but the only action to that end taken prior to recordation of plaintiff's mortgage, and hence the only one we need consider, consisted in the sheriff’s leaving a copy of the writ of attachment, on September 14, 1934, with the secretary of the Associated Constructors, Inc., a corporation which had custody of the property; a keeper was not (prior to recordation of plaintiff’s mortgage) placed
 
 *Supp. 755
 
 in charge nor was the property otherwise taken into manual custody by the officer.
 

 The record shows no express finding specifically to the point that the described property was or was not capable of manual delivery but the court did make certain other findings from which it necessarily appears by inference that the same was capable of such delivery. Among such findings are those numbered (6) and (8), determining to be true the allegations of the answers of defendants Wm. F. Roberts, as receiver, etc., and the Associated Constructors, Inc., respectively, that “the plaintiff caused the Sheriff ... to seize the aforementioned property from the possession of the garnishee . . . and that the same is now in the possession of said sheriff”, and that “said property was taken from this defendant while in storage, as aforesaid, while under garnishment, without payment of the said storage charges”, etc. It thus appears that the property was susceptible of reduction to manual custody.
 

 Regarding such property, subdivision 2 of section 542, Code of Civil Procedure, in directing how writs of attachment shall be levied, provides that “personal property, capable of manual delivery, must be attached by taking it into custody”. The procedure actually followed by the sheriff was that prescribed in subdivision 6 of said section 542, which by its terms is applicable only to the attachment of “Debts and credits and other personal property,
 
 not capable
 
 of
 
 manual
 
 delivery.” (Italics ours.) The remedy of attachment, as administered in California, was unknown to the common law, derives its existence entirely from the legislative enactment, and has the scope, and only the scope, which the legislature has chosen to accord it.
 
 (Hallidie
 
 v.
 
 Enginger,
 
 (1917) 175 Cal. 505, 506 [166 Pac. 1] ;
 
 Ponsonby
 
 v.
 
 Sacramento S. F. Lands Co.,
 
 (1930) 210 Cal. 229, 232 [291 Pac. 167];
 
 Brainard
 
 v.
 
 Rogers,
 
 (1925) 74 Cal. App. 247, 248 [239 Pac. 1095].) “The cardinal rule of the law of attachment ... is to the effect that the provisions of the statute conferring the remedy must be strictly followed or no rights will be acquired thereunder. ” (3 Cal. Jur., p. 404;
 
 Anaheim Nat. Bank
 
 v.
 
 Kraemer,
 
 (1932) 120 Cal. App. 63, 65 [7 Pac. (2d) 765].)
 

 Section 559, Code of Civil Procedure, requires that the sheriff make a return to the court upon a writ of attachment given to him to serve “with a certificate of his proceedings indorsed thereon or attached thereto”. In
 
 Sharp
 
 v.
 
 Baird,
 
 (1872) 43 Cal. 577, the Supreme Court had under considera
 
 *Supp. 756
 
 tion an attempted attachment of real estate under substantially similar provisions of the Practice Act; at page 580 the court said: “Section one hundred and forty-one of the code requires the sheriff to return an attachment ‘with a certificate of his proceedings indorsed thereon, or attached thereto ’. It is his duty to state in his return what acts he performed in serving the writ, in order that the court may be enabled to decide upon its sufficiency to constitute a valid service.” This language was quoted with approval by the same court in
 
 Brusie
 
 v.
 
 Gates,
 
 (1889) 80 Cal. 462, 467 [22 Pac. 284], In both of the last cited eases attachments were held invalid because the proof did not in either case show strict (nor possibly even substantial) compliance with the statute by the officer.
 

 In the case of
 
 Colver
 
 v.
 
 Scarborough,
 
 (1925) 73 Cal. App. 441, at page 448 [238 Pac. 1104], the District Court of Appeal said: “While the authorities on the subject are not harmonious, the general statement may be frequently found that to constitute a valid levy upon personalty the attaching officer must not only have such property in view, but as well must assume such dominion over it as would render him liable to an action for trespass were it not for the protection afforded him by the court’s process. . . . (p. 450.) As is said in the case of
 
 Crawford
 
 v.
 
 Newell,
 
 23 Iowa, 453 ... ‘To constitute a valid, operative attachment levy under the provisions of the statute, the officer should do that which would amount to a change of possession, or something that would be equivalent to a claim of dominion, coupled with a power to exercise it.’ ” No lien vests as to personal property by virtue of an ineffectual effort to levy an attachment, and a levy “by an officer on personal property which he does not see or have in his possession is void”.
 
 (Los Angeles Soap Co.
 
 v.
 
 Bossen,
 
 (1932) 122 Cal. App. 237, 241 [9 Pac. (2d) 900].)
 

 As hereinbefore remarked the record before us shows that the property involved was capable of manual delivery. Hence, like subdivision 6 of section 542, Code of Civil Procedure, such cases as
 
 Irilarry
 
 v.
 
 Byers,
 
 (1927) 84 Cal. App. 28, 31 [257 Pac. 540], and
 
 Gilbank
 
 v.
 
 Benton,
 
 (1935) 9 Cal. App. (2d) 517, 522 [50 Pac. (2d) 815], are not in point. The attempted levy of September 14, 1934, being merely by way of garnishment, was ineffectual as against plaintiff, and his lien attached as of October 2, 1934, at 10:16 A. M., even
 
 *Supp. 757
 
 though he had knowledge of the impotent proceedings. (See
 
 Smart
 
 v.
 
 Soscy,
 
 (1920) 49 Cal. App. 332 [193 Pac. 167] ;
 
 Braden
 
 v.
 
 Clinc,
 
 (1921) 51 Cal. App. 424 [196 Pac. 913].)
 

 The fact that plaintiff acted as attorney for the third party claimant in the proceedings in the superior court is not in any way a bar to his right in this action. He claims directly under and by virtue of the chattel mortgage given him by Cheney who was found in that proceeding to own the property. However, the facts as to that matter are not properly before us. The bill of exceptions (p. 5, lines 8-13) makes reference to “the records, papers and files of Los Angeles Superior Court Case No. 368593” and declares that “the same were admitted in evidence and are incorporated herein by reference thereto”. Such “records, papers and files”, being public records produced at the trial by their custodian, were properly received in evidence in the trial court “by reference” without actually filing them as exhibits, but a mere reference to them in the bill of exceptions docs not present them or their substance to an appellate court. Section -988a of the Code of Civil Procedure provides for the inclusion in an appeal record of any “paper or document on file with the municipal court” by reference thereto in the bill of exceptions. Such documents as are
 
 “on file with the municipal court”
 
 are readily available to this court on appeal and for that reason the provision in the statute that they need not be copied in the appeal record is a reasonable one, but the drafters of the statute made it applicable only to “any exhibit or any notice, affidavit, order or other paper or document
 
 on file with the municipal court”
 
 (italics ours), evidently taking cognizance of the fact that while other public records might well be made available by subpoena to the trial court for purposes of the trial they would not thereby become accessible to this court upon appeal. While it is possible that such other public- records, if they happened to be on file with the superior court, instead of in some widely removed office, might easily be made physically available, the statute does not include them and hence we have no right to consider them.
 

 The judgment as to the defendant Associated Constructors, Inc., a corporation, and as to defendant William F. Roberts, receiver in equity of B. Hayman Company, Inc., a corporation, is reversed and the cause is remanded to the municipal
 
 *Supp. 758
 
 court of the city of Los Angeles with directions to correct its conclusions of law by striking out the hereinafter indicated portions of the document designated “Findings of Fact and Conclusions of Law”, and thereupon to enter judgment for the plaintiff in accordance with the conclusions of law so amended.
 

 The following portions of such document shall be stricken out:
 

 1. Beginning with the word “except” at line 32, page 1, and ending with the word “corporation” on line 2, page 2.
 

 2. The word “not” on line 15, page 2.
 

 3. Beginning with the words “the defendant” on line 19, page 2, and ending with the words “arose out of” on line 22, page 2.
 

 4. Beginning with the words “and that” on line 1, page 3, and ending with the words “as follows:” on line 3, page 3.
 

 5. Beginning with the word “except” on line 2, page 7, and ending with the word “corporation” on line 4, page 7.
 

 6. Beginning with the word “other” on line 5, page 7, and ending with the word “corporation” on line 8, page 7.
 

 7. All of paragraph numbered (2), being lines 10 to 24, inclusive, on page 7, except the clause “that plaintiff is entitled to foreclosure of his said chattel mortgage.”
 

 8. All of paragraph numbered (4), being that portion of said document commencing at line 31, page 7, and extending to and including line 1, page 8.
 

 Appellant shall have and recover his costs of appeal from respondents Associated Constructors, Inc., and William F. Roberts, receiver in equity of B. Hayman Company, Inc.
 

 The appeals from the order denying plaintiff’s motion for a different judgment and from the order denying plaintiff’s motion to tax costs are dismissed.
 

 Shaw,- P. J., and Shinn, J.,
 
 pro tem.,
 
 concurred.