Renato LAVINO, Lawrence Andreini, Olga Andreini, Frank Andrini, Teresa Andrini, Joseph Andrini, Louis Andreini, Violet Andrini and Grace Andreini, Appellants,

v.

Glen T. JAMISON, Collector of Internal Revenue, Appellee.

No. 14385.

United States Court of Appeals Ninth Circuit.

March 1, 1956.

Arthur N. Ziegler, Allan L. Sapiro, San Francisco, Cal., for appellants.

Lloyd H. Burke, U. S. Atty., Charles E. Collett, Edward H. Boyle, Assts., San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, STEPHENS, Circuit Judge, and MATHES, District Judge.

DENMAN, Chief Judge.

This is an appeal from a judgment which denied appellants recovery for the alleged seizure of their property by the Collector of Internal Revenue to satisfy the taxes of another person[1] and

1. 28 U.S.C. § 2463 provides: "All property taken or detained under any revenue law of the United States shall not be repleviable, but shall be deemed to be in

from the denial of appellants' motion for a new trial. The district court granted a motion to dismiss at the conclusion of appellants' case on the ground that they had failed to prove that the Collector had seized their property. Fed.Rules Civ.Proc. rule 41(b), 28 U.S.C.A. Appellants contend that they made a prima facie showing of this fact, that this showing was not overcome by the Collector, and that the findings of the district court were "clearly erroneous," F.R.C.P. 52(a), and further that new evidence offered on the denied motion for a new trial reinforced their contention of the sufficiency of the evidence.

Appellants sold a bar and restaurant to the S.J.R. Corporation on January 3, 1951. Although the liquor inventory was not included in the sale it remained on the premises locked in a storeroom. Unknown to appellants, the Collector of Internal Revenue seized certain personal property in the possession of the S.J.R. Corporation on July 24, 1951, including a liquor inventory. The seizure was a levy to collect unpaid taxes owed to the Government by the S.J.R. Corporation.[2] On August 1, 1951, appellants commenced a suit in a California court to recover the liquor inventory from the S.J.R. Corporation. They recovered judgment entitling them to possession of the inventory or $4,444.57.

A writ of execution was issued against the S.J.R. Corporation and served by the Sheriff of the City and County of San Francisco on August 16, 1951. The return of execution stated that the sheriff was unable to obtain possession of the property, the liquor inventory, "said property having been seized by the U.

S. Treasury. Demand was made upon John J. Boland, Chief Field Deputy, 1st District of Calif., of the Bureau of Internal Revenue. Said demand refused." On August 17, 1951, the liquor inventory was sold at public auction for $4,350.

Section 26662 of the California Government Code provides that the "return of the sheriff upon process or notices is prima facie evidence of the facts stated in the return." The statement in the sheriff's return that appellants' liquor inventory had "been seized by the U. S. Treasury" was the sole evidence relied on by appellants to show that their personal property was taken by the Collector when he took the property which was in the possession of the S.J.R. Corporation.

■ This presents the contention that Section 26662 of the California Government Code is not applicable, since this is an action in a federal court brought under a federal statute, and there is no federal statute or rule as to the effect to be given statements in a sheriff's return. However, Section 1652 of Title 28 of the United States Code provides:

"The laws of the several, states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply."

We think the federal rule of evidence as to the weight to be given statements in a sheriff's return is the same as that prevailing in California.[3] Sheriff's re-

---

the custody of the law and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof."

Under this statute district courts having jurisdiction over the seized property may quash distraint warrants, Raffaele v. Granger, 3 Cir., 1952, 196 F.2d 620, enjoin the distraint, Long v. Rasmussen, D.C.Mont.1922, 281 F. 236, or order the property or its monetary equivalent re-

turned, Stuart v. Chinese Chamber of Commerce of Phoenix, 9 Cir., 1948, 168 F.2d 709, in order to give a remedy to a third party whose property has been taken to satisfy the taxes of another.

2. The seizure was made pursuant to 26 U.S.C. §§ 3690–3697 [now 26 U.S.C. §§ 6331–6340].

3. Cf. Cleaves v. Funk, 10 Cir., 1935, 76 F.2d 828.

turns are documents executed by public officials who normally carry out their duties properly. It is more convenient to place the burden of going forward with the evidence to show that statements in a return are inaccurate on the party so asserting than to require a sheriff to be called away from his duties in every case.

■ The collector argues that the district court was correct in finding that appellants had failed to prove that he had seized their liquor inventory. He first argues that the statement in the sheriff's return that "said property" was "seized by the U. S. Treasury" was a mere conclusion of law and as such was not prima facie evidence of this fact. We do not agree. A return is not prima facie evidence of conclusions of law.[4]

The statement is no more than that the Collector has appellants' liquor inventory. It does not attempt to state that that possession is lawful or the legal consequences of that possession.

■ The Collector argues that the judgment should be upheld since the appellants themselves introduced evidence which overcame the effect of the sheriff's return. The evidence referred to is the fact that the list of property which the sheriff attempted to recover and the list of property which the Collector sold are different. Some of the items are as follows:

| Item | Collector's List | Appellants' List |
| --- | --- | --- |
| King Williams Scotch | 23 cases | None |
| Mr. Boston Gin | 33 Bottles | None |
| Old Hickory Bourbon | 29 bottles | 60 bottles |
| Kinsey Whiskey | 38 bottles | None |
| Old Grand Dad Whiskey | 2 cases | 11¾ bottles |
| Old Taylor Whiskey | 3 cases | 17⅓ bottles |
| Yellowstone Whiskey | 1 case | 17 bottles |
| White Horse Scotch | 1 case | 17 bottles |

Since the appellants' liquor inventory was left on the premises in the possession of the S.J.R. Corporation the Collector argues that the district court could have inferred that the S.J.R. Corporation had used appellants' liquor and exhausted the supply. There is merit in this contention. This is sufficient evidence from which the district court could find that appellants' property had not been shown to have been seized by the Collector. The findings were not "clearly erroneous."

■ Appellants moved for a new trial upon the basis of affidavits of Albert Ellison, a bartender formerly employed by the S.J.R. Corporation, in which he stated that at least part of the property on the Collector's list belonged to the appellants. The district court denied the motion for new trial. This is a matter within its discretion and its decision stands unless there has been an abuse of that discretion. Norwich Union Fire Insurance Society v. Glasser, 9 Cir., 1955, 224 F.2d 385.

■ The testimony of Ellison, if believed, would tend to explain the discrepancies between the list of what the Collector seized and the list of appellants' property. However, the question remains whether appellants made a sufficient showing that their neglect to present Ellison at the first trial was excusable. The affidavit of their attorney in support of the motion for new trial stated that they had relied on admissions of the appellee that the stock sold by the Collector was the same as specified in their list, that they had not known of Ellison's whereabouts before trial and that they had believed that Ellison would ap-

4. Kee v. Becker, 54 Cal.App.2d 466, 129 P.2d 159, 1942; Gilbank v. Benton, 9 Cal.App. 2d 517, 50 P.2d 815.

pear at the trial as a witness for the Collector since he had filed an affidavit for the Collector earlier in the proceedings.

The newly discovered evidence is material and not merely cumulative. We think the new trial should have been granted and the district court, trying the case without a jury, should have set aside its judgment and considered the evidence. Appellants were not in error in refraining from interviewing their opponent's witness to determine whether he had knowledge of facts favorable to them.

The judgment is reversed and the case remanded to the district court for a new trial.