DUTERTRE v. DRIARD et al.

7  549
143  63

A levy on personal property capable of manual delivery, must be made by taking the property in custody. If it is allowed to remain in the hands of the debtor, the levy cannot operate so as to defeat subsequent executions.

APPEAL from the Superior Court of the City of San Francisco.

Plaintiff recovered a judgment against the defendants on the first of May, 1856, and caused an execution to be placed in the hands of the sheriff, who on that day had sufficient property in his hands, consisting of the stock and furniture of the Franklin Restaurant, by virtue of a writ of attachment in the suit, to satisfy the judgment. The same day the plaintiff stipulated with defendants that if they would pay him two hundred and seventy-eight dollars and eighty-two cents, on the fifth of May the execution should be suspended for one month; and then, if one hundred and twenty-five dollars should be paid, a suspension for another month should be given; and so on, from month to month, until all should be paid; but if defendants failed to make their payments the sheriff should proceed to sell. The property in the meantime to be considered in charge of a mutual friend, as the sheriff's keeper, and that officer released from its safekeeping, and written orders were given the sheriff in conformity with the above. On the second of July, 1856, the sheriff returned the execution, its time having expired, and on the twenty-eighth of August, an "alias" issued. The monthly payments were punctually paid by the defendants up to the fifth of August, 1856, which stayed the execution until the fifth of September. On the twenty-second day of August, 1856, the same effects were attached by Baker & Corbinier for about six hundred dollars; on the twenty-sixth of August, the goods were sold for about one thousand four hundred dollars. The sheriff refusing to pay over the money arising from the sale until the rights of plaintiff and Baker & Cordinier were determined, a rule was procured by plaintiff against him to show cause why he should not satisfy his execution against defendants. At the hearing thereof, the Court below decided that plaintiff had lost his priority, and the claim of Baker & Corbinier must first be paid out of the funds arising from the sale. From this order plaintiffs appealed.

P. Barry for Appellant.

The only question in the case is: Will the plaintiff lose his prior right by attachment, judgment, and execution, because he gave a reasonable stay to defendants to save them from the destruction of a forced sale?

The claimants' (Baker & Corbinier's) attachment, dates the twenty-second of August, they having neither judgment nor execution, whilst the plaintiff had judgment on the first of May last, for twelve hundred and seventy-eight dollars.

The prior levy can only give place to the second when there is fraud, collusion, or gross negligence, which must appear from the circumstances, to give precedence to the latter levy.

In Troubat & Haley's Practice, vol. 1., p. 481, it is laid down that even if plaintiff left the goods in possession of defendants, and a second levy is made before sale, if there be no fraud, the first levy is not lost.

In the case of Sterling *v.* Van Cleave, it is held "a mere agreement of the creditor to delay the sale of a debtor's goods levied on by execution, was not of itself evidence of fraud. There must be some proof of actual fraud to subject a prior execution to a postponement."

If the plaintiff suffers the goods levied on by execution to remain with the debtor a specified time, on his agreeing to pay a rent therefor, equivalent to keeping the goods of the same value and in good order, it is not fraud on a subsequent execution creditor, and will not postpone the prior execution. Cumberland Bank *v.* Haine, 4 vol. Harrison N. J. R., p. 166.

*E. D. Sawyer* for Respondents.

Personal property capable of manual delivery, shall be attached by taking it into custody. Prac. Act, § 125, subdivision 2.

Nothing is more important in sustaining the officer's special property in articles attached than his continued possession of them, actual or constructive. Drake on Attachment, p. 271, § 270.

The case of Mitchu *v.* The Planter's Bank, 4 How. Miss. R., is just in point.

The respondent is perfectly willing to rely not only upon the principle set forth in this decision, but as being the law. Mr. Justice Trotter, in deciding this case, justly remarks :

" If the lien created by the law in this case be merely a security, and confers no *jus in rem*, it may be lost by any agreement or act of the judgment-creditor, which would discharge the liability of a surety under a contract. It would be repugnant to every principle of sound policy, and open the broadest avenues to fraud and injustice, to hold that the lien in favor of judgment or other creditors, may be enforced at the mere option of the party, or keep off other creditors equally meritorious, without any step to preserve it."

TERRY, J., delivered the opinion of the Court—MURRAY, C. J., concurring.

Under our statutes, a levy on personal property capable of manual delivery must be made, by taking the property into custody. If the execution-creditor permits property levied on to remain in the hands of the debtor, his levy cannot operate to defeat subsequent executions.

The property in question was allowed to remain with defendant in execution for more than three months after the levy; to permit such a course would open the door to fraud.

Judgment affirmed, with costs.