[No. 4993.]

JOHN ROGERS v. S. F. GILMORE, W. W. FERGUSON, THOMAS ARRIVEY AND T. J. KENNEDY ET AL.

ATTACHMENT OF PERSONAL PROPERTY.—If a sheriff attaches personal property, consisting of a portable steam threshing engine and accompanying articles used for threshing, by making a memorandum of the property and delivering a copy of the attachment, summons, and complaint, to the defendant, and then directing verbally a person who is at work one hundred yards from the place where the property lies to look after it. and if any

one meddles with it to tell them it is attached, he has sufficient custody of the property as against persons purchasing it from the defendant with knowledge of the attachment.

APPEAL from the District Court, Fifth Judicial District, County of Stanislaus.

The action is for the recovery of certain personal property described in the complaint. It appears from the complaint that the plaintiff is the sheriff of Stanislaus County, and, as such officer, received a writ of attachment in the suit of *Davis* v. *Gilmore* (one of the defendants here). The property in dispute in this action was levied upon, as will hereafter more fully appear. The defendants, other than Gilmore, claim to have become the *bona fide* purchasers of the property prior to the alleged levy above referred to.

It is found by the court below that one Aull, under-sheriff of the plaintiff, having attached the property in dispute, left the same in the temporary charge of one Chase, who resided upon the premises where the property was situated. The finding on that point is as follows:

"Seventh. Said attachment was made in the manner following, and not otherwise: Defendant Gilmore was engaged in harvesting grain for one Bartholomew, and was using said propery in said work. When said Aull reached the premises of Bartholomew, the harvesting was finished and the defendants were conveying said property towards the house; said Aull found the defendant Gilmore at the house, and informed him of his purpose to attach said property, at the same time handing him a copy of the summons, complaint, and attachment in said suit of *Davis* v. *Gilmore.* He requested said Gilmore to have the engine, separator, derrick fork, wagon, etc., driven to a certain place on the ranch, out of the road, and placed near together, which was done. Said Aull then made a memorandum of the property attached, and then went to the blacksmith shop where said Chase was at work, and requested him to look after said property till the return of Bartholomew (who was absent, but expected to return that day), and on his return to turn it over to him as keeper. Aull also at the time gave to said

Chase a written appointment of Bartholomew as keeper of said property, with a description of the property indorsed thereon; and said Aull instructed said Chase if any one meddled with said property, to inform them that it was attached, to all of which said Chase agreed. The property at the time was within about a hundred yards of the black-smith shop, where said Chase was at work, and the top of the engine and derrick was visible from the shop, the rest being hidden by a fence. On the return of Bartholomew, which was the same day, said Chase delivered to him the appointment as keeper, with memorandum of the property attached, but the property had before that time been removed by defendants."

The court further finds " that at the time of the sale by Gilmore to the other defendants, the parties to the sale knew of the attachment of the same by Aull, but thought said attachment was invalid."

The plaintiff recovered judgment and the defendants appealed.

*W. S. Dudley and J. J. Scribner*, for the Appellant.

The plaintiff never had the custody or control of the property, under said attachment; hence there was no attachment.

" Personal property capable of manual delivery must be attached by taking it into custody." (Sec. 542, Sub. 3, Code of Civil Procedure; *Dutertre* v. *Driard*, 7 Cal. 549.)

In *all* cases the property must be put out of the *control* of the debtor. (Drake on Attachments, Sec. 256, p. 181; *Dunklee* v. *Fales*, 5 New Hamp. 527; *Odiorne* v. *Colley*, 2 New Hamp. 66; *Morse* v. *Hurd*, 17 New Hamp. 246.)

The test of a valid levy is whether enough has been done to subject the officer to an action of trespass, but for the protection of the writ. (*Good* v. *Longmire*, 35 Alabama, 668; Drake on Attachments, Sec. 255a; *Havely* v. *Lowry*, 30 Ill. 146; *Davidson* v. *Waldron*, 31 Ill. 120.)

In this last case the court said: " To constitute a valid attachment, some open, unequivocal act should be done that would lead all persons to know that the property was no longer in the custody of its former owner, but in that of

the law." (See also *Lyon* v. *Rood*, 12 Vt. 233; *Levy* v. *Shockley*, 29 Ga. 710; *Banks* v. *Evans*, 10 S. & M. 35.)

If the acts of the officer constitute a valid levy in this case as against Gilmore, it is not good as against his co-defendants in this action. (Drake on Attachments, Sec. 255 *a*; *Taffts* v. *Manlove*, 14 Cal. 47.)

*Terry & McKinne*, for the Respondent.

The acts of the under-sheriff were sufficient to constitute a tortious taking, if he was not protected by the attachment. (*Connoh* v. *Hale*, 23 Wend. 466; *Schroeppel* v. *Corning*, 5 Denio, 240; *Boyce et al.* v. *Brockway*, 31 N. Y. 493.)

It was not necessary that the officer should have removed or touched the property; it is sufficient that he asserted authority over it. (*Green* v. *Bruk*, 23 Wend. 494; *Barker* v. *Binninger*, 14 N. Y. 277; *Bond* v. *Willet*, 1 Keyes, 380; *Elias* v. *Farley*, 3 Keyes, 398.

The defendants all had knowledge of the fact that an attachment had been levied. The sale by Gilmore to the other defendants was void under the statute of frauds, being intended to hinder, delay and defraud the plaintiff in the attachment suit of *Davis* v. *Gilmore*. (*Riddell* v. *Shirley*, 5 Cal. 488; *Ryan* v. *Daly*, 6 Cal. 238; *Wilcoxson* v. *Burton*, 27 Cal. 229.

The opinion was delivered from the Bench.

The CHIEF JUSTICE, speaking for the Court, said:

The statute requires that the officer should take the property into custody. And it seems by the authorities that what that means is governed somewhat by the situation or relation of the parties making the contest.

It is supposed that as against Gilmore himself there was sufficient custody of this property to hold it. Against another attaching creditor there may not have been. Against a purchaser from Gilmore *in good faith*, there may not have been. But the Court is of the opinion that the defendants purchasing from him *with notice of the attachment*, it is a sufficient custody as against them.

The result is, that the judgment and order must be affirmed.