# CHARLESTON.

## S. D. WYATT v.. ARTHUR GRIDELLA.

### Submitted April 16, 1918. Decided April 23, 1918.

1. MALICIOUS PROSECUTION—*Right of Action—Cause of Prosecution.*
   In a civil action for malicious prosecution upon a criminal charge before a justice of the peace, in order for the plaintiff to recover it must be shown that the defendant was the proximate and efficient cause of such prosecution. (p. 267).

2. SAME—*Right of Action—Termination of Prosecution.*
   In a suit for malicious prosecution upon a warrant issued by a justice of the peace, in order for the plaintiff to recover, it must be made to appear that the criminal proceeding has been terminated either by the trial and acquittal of the defendant therein, or by the dismissal of the warrant by the justice for want of prosecution, or for some other reason. (p. 268).

Error to Circuit Court, McDowell County.

Action for malicious prosecution by S. D. Wyatt against Arthur Gridella. Judgment for defendant, and plaintiff brings error. *Affirmed.*

*C. C. Payne, S. M. B. Coulling, Litz & Harman, Sanders & Crockett* and *A. G. Fox,* for plaintiff in error.

*Anderson, Strother, Hughes & Curd* and *Chapman, Peery & Buchanan,* for defendant in error.

RITZ, JUDGE:

This is a suit to recover damages for an alleged malicious prosecution of the plaintiff upon a warrant charging him with larceny. Upon the trial in the circuit court it was shown that a warrant had been issued by a justice of the peace of McDowell county charging the plaintiff with the larceny of a quantity of dynamite belonging to the defendant, of the value of eighteen dollars; that the plaintiff had been arrested upon this warrant and placed in jail where he was held for a few hours, and by the constable released. He subsequently appeared before the justice of the peace who issued the warrant, but no trial was had thereon; in fact, no proceedings whatever were had in regard thereto. He says that he has been living in the county ever since the warrant was issued, and that he has never been arrested again thereon, nor does it appear that the warrant has ever been dismissed or disposed of before the justice of the peace. The warrant itself has been lost, and could not be introduced in evidence. An attempt was made to show that the warrant was issued upon information furnished by the defendant. The constable who executed it testifies that he thinks the warrant showed upon whose information it was issued, and that as well as he can remember it was upon the complaint of the defendant. The plaintiff testifies that the constable read the warrant to him; that he could not read himself; and that it contained the name of the defendant, but it is not quite clear from his testimony in just what connection the defendant's name was used in the warrant. The plaintiff further testifies that he was not guilty of the charge against him, and introduced some evidence tending to show that he is a man of good reputation. Upon this showing the court below excluded the plaintiff's evidence and directed a verdict for the defendant for the reason that the evidence did not sufficiently connect the defendant with the issuance of the warrant, and for the further reason that the evidence did not show that the criminal charge against the plaintiff had ever been disposed of. It is fundamental that in order to maintain a suit of this character it must be made to appear

in some way that the defendant instigated or set on foot the alleged malicious prosecution. *Vinal* v. *Core & Compton,* 18 W. Va. 1; 18 R. C. L. 17 etc.; 26 Cyc. 17. Does the evidence in this case show that the defendant was the responsible cause of the prosecution? The only testimony in any wise tending to connect him therewith is the testimony of the constable that his recollection is that the warrant showed that it was issued upon the information of the defendant, and the plaintiff's statement that when the constable read the warrant to him it contained the defendant's name. The constable's testimony is vague and inconclusive, and the plaintiff's statement upon this question is only hearsay of a very unsatisfactory and uncertain character. It is shown that the warrant itself is lost. If it was issued upon the complaint of any one such complaint is not produced and offered in evidence, nor is its absence accounted for. The justice of the peace who issued the warrant was present as a witness in court, and it is not shown by him, or attempted to be shown by him, at whose instance he issued the warrant. The justice's docket was present in court, and it may be assumed that it would have shown this essential fact if it had been introduced, but it was not introduced in evidence. In fact, from a question asked, which the court declined to allow to be answered, it would appear that the justice's docket showed that the warrant was issued upon the complaint of another than the defendant. When we consider that the complaint upon which the warrant was issued is unaccounted for; that the justice's docket was not introduced in evidence; that the justice of the peace was present at the trial and not called upon to testify in regard to this matter, we are not surprised that the learned judge came to the conclusion that the inconclusive and unsatisfactory statements of the constable upon this phase of the case were not sufficient to justify submitting the case to the jury.

Nor does it appear in this case what disposition has been made of the criminal charge upon which plaintiff was arrested. He simply shows that there was a warrant charging him with a criminal offense, and that he has never been tried thereon. Whether it is still pending before the justice

of the peace does not appear.  It is well established that in order to maintain a suit of this character it is necessary to show that the criminal prosecution which it is alleged was malicious has been terminated, and by this we do not mean to say that it must be terminated by a trial of the person charged with the offense, but if not terminated in that way it must be shown that the warrant or the indictment has either been dismissed, or finally disposed of, so that no further prosecution can be had thereon.  It is uniformly held that a trial and acquittal upon the charge is a sufficient showing of the termination of the prosecution, or it may be shown that the warrant was dismissed for failure to prosecute, as in the case of *Waldron* v. *Sperry,* 53 W. Va. 116; or it may appear that upon a trial of the indictment the court directed a dismissal thereof because of the insufficient statement therein of the alleged offense, as in the case of *Bailey* v. *Gollehon,* 76 W. Va. 322.  In the two cases last above referred to the termination of the criminal prosecutions in the way indicated would not, perhaps, bar further prosecutions for the same offenses, but any further prosecutions upon the particular warrant and indictment involved in those cases could not be had, and that is sufficient.  In this case, however, it does not appear that the warrant upon which the plaintiff was arrested has ever been disposed of, and for aught the record shows the plaintiff may yet be arrested thereon and tried for the offense charged therein.

There is no error in the judgment complained of and the same is affirmed.

*Affirmed.*