[Civ. No. 3286.   Second Appellate District, Division One.—September 20, 1920.]

E. W. SMART, Appellant, v. J. C. SOSEY, Constable, etc., Respondent.

[1] EXECUTION—SUBSEQUENT MORTGAGE—REMOVAL OF PROPERTY—ABSENCE OF KEEPER—PRIORITY OF MORTGAGE LIEN.—The lien of an execution on personal property either ceases to exist as against the lien of a chattel mortgage executed on the property the same day but after the levy, or becomes subsequent and subject to the mortgage lien, where the officer in making the levy permitted the property to remain in the debtor's place of business and the debtor to retain the possession of the key, and the property was removed by the debtor during the absence of the keeper, who had been placed in charge by the officer.

[2] ID.—VALIDITY OF EXECUTION—NATURE OF POSSESSION.—The custody of property under a writ of execution must be such as to enable the officer to retain and assert his power and control over it, so that it cannot probably be withdrawn or taken by another without his knowledge.

APPEAL from a judgment of the Superior Court of Los Angeles County.  L. H. Valentine, Judge.  Reversed.

The facts are stated in the opinion of the court.

M. B. Butler for Appellant.

Wilton W. Webster, Leonard L. Riccardi and Edward R. Milliken for Respondent.

CONREY, P. J.—Action to recover damages for wrongful conversion of personal property.  The first count of the complaint is based upon the alleged wrongful action of the defendant, as constable, in seizing and holding and selling under execution certain personal property which was subject to a chattel mortgage in favor of the plaintiff, without compliance with the provisions of section 2969 of the Civil Code, which is as follows: "Before the property is so taken, the officer must pay or tender to the mortgagee the amount of the mortgage debt and interest, or must deposit the amount thereof with the county clerk or treasurer, payable to the order of the mortgagee."  The second cause of action is

for the wrongful taking of certain other personal property under the same execution, said personal property being alleged to be the property of the plaintiff. Judgment in favor of the defendant, from which judgment the plaintiff appeals.

On the twentieth day of January, 1919, Charles I. Hixson entered into a contract with the plaintiff relating to the manufacture and sale by Hixson of certain merchandise to be known as Hixson's Hansoap. It was provided that Smart "agrees to furnish the necessary finances to establish and carry on the manufacture of Hixson's Hansoap, upon security on the stock of manufactured goods, raw materials, cans, cases, fixtures and equipment, as may be necessary from time to time." On the twenty-first day of April, 1919, the sums of money advanced by the plaintiff to Hixson amounted to five hundred dollars, all of which, on the twenty-fifth day of April, remained unpaid. At 9 o'clock A. M. of April 25, 1919, the defendant, as constable and acting under an execution issued upon a judgment rendered in an action wherein the State Bank of Pasadena, a corporation, was plaintiff and Hixson was defendant, levied upon all of the property described in the complaint. At eighteen minutes after 1 o'clock on that day, the chattel mortgage which had been that day executed by Hixson in favor of the plaintiff upon the personal property described in the first cause of action stated in the complaint herein was duly recorded. At the time of the execution and recording of this mortgage the plaintiff had received information from Hixson that the execution levy had been made. It thus appears that at the time of recording of the mortgage the execution was in existence as a lien on Hixson's said property prior in right to the plaintiff's mortgage. The court found that all of the property attached was and remained in the custody of the defendant under and by virtue of said writ of execution from the time when said levy was made, except that on the twenty-eighth day of April, 1919, the plaintiff and Hixson wrongfully and fraudulently seized and carried away a certain Ford automobile, which was part of the attached property, against the will of the defendant and without his knowledge or consent, and that the third day of May, 1919, the defendant found said automobile at the place to which it had been taken by the

plaintiff and took and retained possession thereof until the time when he made sale of the property seized by him under the execution.

[1] The evidence is not sufficient to sustain the finding last above mentioned. The facts as shown by the evidence are undisputed. On making the levy on April 25th the defendant placed in charge as keeper one William Perdue. This was on Friday, April 25th, at 9 o'clock A. M. The property was left in the place of business of Hixson and the key remained in Hixson's possession. No other lock or key was placed on the premises by the defendant. On Saturday night the keeper slept in a downtown hotel in the city of Los Angeles, and on Sunday night in another downtown hotel in that city, each hotel being located in a part of the city different from that of Hixson's premises. On Monday evening at 7 o'clock, neither the defendant nor the keeper being present on the premises, the plaintiff took the automobile away to another part of the city. On these facts we think it follows as a matter of law that the lien of the execution ceased to exist as against the plaintiff, or, at least, that it became subsequent and subject to the plaintiff's mortgage. On the second day of May the plaintiff served upon the defendant notice of his mortgage claim and demanded that defendant pay the amount of the mortgage debt or release the property from execution. [2] The nature of the possession and custody essential to the validity of an execution is indicated by the statement "that it shall be such a custody as to enable an officer to retain and assert his power and control over the property, and so that it cannot probably be withdrawn, or taken by another, without his knowing it." (Freeman on Executions, 3d ed., sec. 262.) In the instant case, the absence of the keeper abandoned the property to the control of the debtor. The articles were not locked up, they were not inventoried or marked, or seasonably removed. Under these circumstances the levy could not have operated to defeat a subsequent execution. (*Dutertre* v. *Driard,* 7 Cal. 549.) The property could have been sold by Hixson to an innocent purchaser and the title would have passed to the purchaser free from the lien of this execution. We see no reason why, under like conditions, an existing mortgage lien would not, by force of the abandonment of the execution, immediately acquire priority against it.

The court found that the mortgage was made without consideration and with the sole intent and purpose on the part of both the mortgagor and mortgagee of hindering, delaying, and defrauding the creditors of Hixson, particularly the judgment creditor in whose favor said execution was issued. The evidence does not sustain this finding. We have mentioned the facts showing the actual existence of the indebtedness for which the mortgage was given. There is no evidence of insolvency of Hixson, nor of any fact which would interfere with his right to give or the right of plaintiff to receive the chattel mortgage which was executed to secure that indebtedness. The effect of the failure to keep good the levy of April 25th, followed by a new seizure of the property on April 29th and on May 3d, being times when the mortgage was an existing recorded lien, was such that it became the duty of the defendant to comply with the provisions of section 2969 of the Civil Code.

Appellant further contends with respect to his second cause of action that the court's finding to the effect that the plaintiff was not the owner of nor entitled to the possession of the soap cans described in the second count of the complaint is not sustained by the evidence. The evidence shows that those cans were ordered by the plaintiff, billed to him, and by his direction delivered at Hixson's place of business. Taking these facts in connection with the existing contract between the plaintiff and Hixson, we think that there was evidence sufficient to sustain the court's finding as to this matter. The contract is fairly open to the construction that materials of that kind, when purchased and delivered at said place of business, were by the parties intended to be and thus became the property of Hixson.

The judgment is reversed.

Shaw, J., and James, J., concurred.