I. F. KLEMM, Appellant, v. J. L. ADAIR, Appellee.

FALSE IMPRISONMENT: Proximate Cause. Evidence reviewed, and held wholly insufficient to present a jury question on the issue whether defendant's conduct was the proximate and efficient cause of the arrest of plaintiff.

*Appeal from Des Moines Municipal Court.*—THOS. L. SELLERS, Judge.

OCTOBER 2, 1920.

THE plaintiff charged that defendant instigated the arrest of the plaintiff; that he was arrested and jailed, though innocent. Actual and exemplary damages are prayed. A verdict was directed for defendant. Plaintiff appeals.— *Affirmed.*

C. C. Putnam and Judson E. Piper, for appellant.

F. T. Van Liew, for appellee.

SALINGER, J.—I. On the evening of the day of the alleged imprisonment, appellant was at his home, and a Ford car, belonging to his brother, and which appellant had been driving, was standing in front of his house. Defendant had a notion that this was a car that had been stolen from him, and finally got an officer to come to the place, and the officer looked the car over with a flashlight. The car was finally taken to the police station. That came about as follows: The officer reported its presence to police headquarters, informing the captain that it was there in the street without tail light or number, on the wrong side of the street, and with a key in. The captain responded he would send a car up to pull this car in, if he, the officer, would then drive it. The captain sent the police wagon up. Defendant and the officer were still present on the scene when the police wagon arrived. The officer then hitched onto it, and, on his invitation, defendant rode to the station with him, and, on reaching the station, the two men went into the captain's office. The plaintiff discovered that the car had been removed. He called the station, and advised the officers that his car had been taken. He was told to come to the station and see about it. He says he thought it over, and concluded he could be safe by doing this in the morning, and then returned to bed. After he was there a few minutes, a policeman came, and told him that he was wanted to go to the station. He put on his clothes, and, when he reached the street, he found the defendant outside. They all waited until the police wagon came, and then the three went in it to the station. When the car was first brought in, the captain attempted to find the plaintiff's residence by the telephone book. At this point, an officer told the captain he was going in that direction, and thereupon was told:

"You go up there and see if you can find this man, Klemm. It seems funny he wouldn't come down. There is something wrong about this matter,"—or something like that.

It was on this direction that Klemm was gotten out of

bed and conveyed to the station. In other words, after a long wait, after assurance that Klemm would come down, the captain told the officer to bring him down, and they would investigate. There is no evidence that any declarations of innocence were made by the plaintiff in the presence of defendant, or that the defendant had any part in refusing to have the brother of plaintiff consulted, in order to have it shown that the car in question was not a stolen one.

Now, suppose defendant was too hasty in reaching the conclusion that the car found standing in front of the house of plaintiff was a car that had been stolen from the defendant. Suppose he might have made investigation that would have satisfied him the car was not his. Suppose that he did call an officer to come where the car stood, and called one who was on friendly terms with him. How does that show that defendant caused the arrest? What of it that plaintiff had his person searched at the police station, or that the person of plaintiff was searched for guns and knives, and none were found? Suppose he was put in jail, and was kept there for part of the night, and that the jail was in filthy condition, and that this caused the plaintiff natural suffering. What evidence is there that defendant had anything to do with all this, or is in any manner responsible for it? There is no evidence he told anyone to put plaintiff in jail. Suppose officers did indulge in rather brutal cross-examination, and that plaintiff was in an adjoining room, or some way within hearing. What liability does that create against the defendant on this petition? There is not only a failure to show that defendant took any part in the arrest of plaintiff, but the undisputed testimony is that defendant took no part in the arrest, and never directed anyone to make it.

Assume that the officers ·acted wrongfully. But no suit has been brought against the officers.

We agree that it is sufficient to send· such case as this to a jury if there be evidence tending to show that the acts of the defendant were a proximate and efficient cause of the

arrest, even though it be not shown that he directly instigated it. *Wyatt v. Gridella,* 82 W. Va. 266 (95 S. E. 956). We agree that here might have been a case for a jury, if all that had been lacking was evidence that the defendant directed the arrest. But the decision of this case does not really involve the determination of any law question. The question we have is whether, on the whole case, a jury had the right to find that the injuries suffered by plaintiff were due to action on part of defendant. We grant that the proximate relationship of action and consequence may be shown by circumstances. But the question remains whether circumstances do this. It does not even appear that the arrest was made for the larceny of an automobile. While it is true the defendant had a notion that the car which he brought the officer to see had been stolen from him, the officer, on his own volition, reported to headquarters that the car should have attention because it was kept in the street, in violation of road law and automobile regulations.

As for the rest, it seems to be, at strongest for plaintiff, a case of having sued the wrong man. Whatever wrong was done to plaintiff flowed from voluntary conduct on part of the police officers. See *Nelson v. Halvorson,* 117 Minn. 255; *Rich v. McInery,* 103 Ala. 345; *Burns v. Erben,* 1 Robt. (N. Y. Super. Ct.) 555. The mere fact that one is present on the occasion of a false imprisonment, and does not object, nor seek to prevent it, will not render him liable in damages therefor. *Walker v. State,* 25 Tex. App. 443.

We are forced to hold that there is an entire absence of support for the petition of the plaintiff, and hence that the trial court rightly directed verdict against him.—*Affirmed.*

Weaver, C. J., Evans and Preston, JJ., concur.