## MRS. W. K. ORTH *v.* MAX BASKER, SR., AND MRS. MAX BASKER.

## No. 1821.

ARGUED AUGUST 15, 1928.　　　　DECIDED AUGUST 24, 1928.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

This is an action for damages for malicious prosecution. The jury rendered a verdict in favor of the plaintiff and against both defendants in the sum of $4000. The defendant Max Basker has not appealed. The other defendant, his wife, brings the case to this court for review by writ of error. Her contentions are, first, that no evidence was adduced tending to show that she instituted the criminal prosecution complained of and, second, that there was no evidence tending to show want of probable cause.

The essential allegations of the declaration are as follows:

"That on the 11th day of April, 1925, defendants maliciously, falsely and without probable cause therefor instituted criminal proceedings against the plaintiff herein by having filed a false and malicious affidavit and complaint before the * * * district magistrate of the City and County of Honolulu, * * * wherein plaintiff was charged with the crime of violating section 4136 of the Revised Laws of Hawaii, 1925, as amended, by striking, beating and bruising, without justification or provocation, one Max Basker, Jr., * * * and then and there procured from the judge of said district court a warrant for the arrest of plaintiff upon said charge.

"That in making said complaint and procuring the issuance of said warrant as aforesaid and procuring the arrest of plaintiff thereon, as hereinafter alleged, defendants acted maliciously, wantonly and without probable cause.

"That said complaint and affidavit were signed and filed by the defendant Max Basker, Sr., on the said 11th day of April, 1925.

"That thereafter said defendants did cause said plaintiff to be prosecuted upon said complaint and did personally assist in the prosecution thereof."

There is no controversy between the parties, in this court, as to the law applicable to the appellant's first contention. The right of a person injured by the malicious prosecution of an unfounded criminal proceeding against him by another to recover from that other the damages suffered is well established. It is also clear that only those persons are liable in such an action who instituted or aided in conducting or maintaining the criminal prosecution. Mere passive acquiescence in the institution or in the conduct of such a prosecution by another is not sufficient to create liability. This principle has been variously stated by courts. For example:

"It is fundamental that in order to maintain a suit of this character it must be made to appear in some way that the defendant instigated or set on foot the alleged malicious prosecution." The defendant must be "the responsible cause of the prosecution." *Wyatt* v. *Gridella*, 82 W. Va. 266, 267, 268.

"To sustain an action for malicious prosecution, it must affirmatively appear as a part of the case of the party demanding damages that the party sought to be charged was the proximate and efficient cause of maliciously putting the law in motion." *McClarty* v. *Bickel*, 159 S. W. (Ky.) 783, 784.

"To maintain an action for malicious prosecution plaintiff must allege and prove that the prosecution claimed to have been malicious was instituted or continued by the defendant." *Terusaki* v. *Matsumi*, 106 Wash. 538, 540.

"The ultimate question is whether there was evidence fairly tending to show that" the defendant's "conduct in the matter in any way exerted a controlling influence over

the action of * * * the public prosecutor." *Ryan* v. *Ins. Co.,* 119 Atl. (Vt.) 423, 426.

"Two persons may be parties to an arrest and imprisonment and both be liable; one may be the active originator and promoter of the prosecution and the other may voluntarily aid and assist therein, either by direct personal participation or by instigation and advice. While mere passive knowledge and consent to the acts of another is not sufficient to render a party liable, * * * yet voluntary aid and assistance undoubtedly will." *Stansbury* v. *Fogle,* 37 Md. 369, 383, 384.

"If the defendant participated voluntarily in the prosecution of the plaintiff and it was carried on with his counsel, countenance and approbation, he is a partner in the transaction and liable for the consequences whether there were others who participated in it or not." *Cotton* v. *Huidekoper,* 2 P. & W. (Pa.) 149, 153.

"In this class of cases it is not necessary to prove that all of the defendants were originators of the proceedings complained of. If after the proceedings were commenced they voluntarily conspired and maliciously joined in such prosecution * * * they may be held liable." *Russell* v. *Chamberlain,* 9 A. & E. Ann. Cs. (Idaho) 1173, 1174.

"Some affirmative act on the part of the defendant in connection with the prosecution must, however, be shown. Mere acquiescence therein is not sufficient." 19 A. & E. Ency. L. 692.

"The test of liability in an action for malicious prosecution is: Was defendant actively instrumental in putting the law in force? To sustain the action it must affirmatively appear as a part of the case of the party demanding damages that the party sought to be charged was the proximate and efficient cause of maliciously putting the law in motion. Mere passive knowledge or acquiescence or consent in the acts of another is not suffi-

cient to make one liable. To impose liability there must be some affirmative action by way of advice, encouragement, etc." 38 C. J. 395.

The criminal prosecution complained of in this action arose out of an assault claimed to have been made by Mrs. Orth upon a minor son of Mr. and Mrs. Basker. The warrant of arrest, a copy of which was introduced in evidence, was sworn to by the defendant Max Basker. There was ample evidence tending to show that that respondent instituted the criminal prosecution. He procured the issuance of the warrant and employed an attorney to assist the Territory in conducting the prosecution. He does not appeal from the finding of the jury to that effect. A careful examination of the transcript of all of the evidence adduced shows that there was no evidence whatever that Mrs. Basker, in person or through an agent, directly or indirectly, instituted the prosecution. This was expressly admitted by counsel for Mrs. Orth at the argument in this court in answer to a question from one of the justices. So, also, there was no evidence whatever tending to show that Mrs. Basker in any way instigated or actively aided in the maintenance of the prosecution after it was once instituted. The only evidence relied upon by Mrs. Orth as tending to support the verdict of liability on the part of Mrs. Basker is the following: testimony of various witnesses to the effect that for a long period of time prior to the date of the alleged assault Mrs. Basker had been guilty of a series of petty acts indicating hostility and malice on her part towards Mrs. Orth, the two families being neighbors; that Mr. Basker, after the date of the alleged assault, in the course of attempts made at a compromise of the difficulties between the two families, refused to compromise, saying in substance, "I've been waiting to get Mrs. Orth for two or three years and now I have her and there is nothing doing on the

compromise matter"; that Mrs. Basker testified on behalf of the prosecution in the criminal case, going to court without a subpoena; and that her testimony in that case was, as shown by the verdict of the jury in the present case, false. In our opinion this is not sufficient to support a finding that she instigated, encouraged or affirmatively aided the maintenance of the prosecution after it was instituted. It does not tend to show that there was any conspiracy between her husband and herself looking towards the continued maintenance of the prosecution. It does not show that she had any controlling influence over the prosecution nor that she was the proximate or efficient cause of putting or continuing the machinery of the criminal law in motion. It does show hatred and malice on her part towards Mrs. Orth. Perhaps it even justifies the inference that she rejoiced in the fact that her husband had instituted and was maintaining the prosecution. But mere knowledge of or passive acquiescence in the maintenance of the prosecution is not sufficient to render one liable therefor. The direct evidence is, and there is absolutely none to the contrary, that Mrs. Basker did not even know of the institution of the criminal proceedings until after the warrant of arrest had been issued. The mere fact that she testified on behalf of the Territory or that she went to court without being summoned by subpoena does not constitute a sharing in the maintenance of the prosecution so as to render her civilly liable therefor. 38 C. J. 395. The same is true of the fact, if it is a fact, that some of her testimony on essential matters was false. If she so violated the law, the penalties of perjury are available for her punishment; but there is no civil liability for damages in an action for malicious prosecution.

The verdict and the judgment as against Mrs. Basker are set aside and a new trial is granted to her.

526

*J. V. Hodgson* (*Peters & O'Brien* on the briefs) for plaintiff in error.

*C. M. Hite* (*Ulrich & Hite* on the brief) for defendant in error.