[Civ. No. 1173.   Fourth Appellate District.—August 14, 1935.]

J. EDGAR ROSS, Appellant, v. WILLIAM O'BRIEN, Respondent.

J. Edgar Ross, *in pro. per.,* for Appellant.

W. E. Abraham for Respondent.

HARDEN, J., *pro tem.*—This is an action to recover damages for alleged malicious prosecution of a criminal action against J. Edgar Ross, plaintiff herein. At the conclusion of a jury trial the court directed a verdict for the defendant. Plaintiff appeals from a judgment entered thereon.

Appellant has failed to comply with the requirements of section 953c of the Code of Civil Procedure by printing in his brief or in a supplement thereto such portions of the record as he desires to call to the attention of the court; and respondent has filed no brief whatever.

An action was started in the Justice's Court of Brawley Township, Imperial County, entitled *Felix Chacon* v. *Jesus*

*Mardueno,* to recover a money judgment. In said action a writ of attachment was issued. Pursuant to instructions from the attorney for plaintiff therein, the defendant, William O'Brien, as constable of said township, attempted to levy said writ of attachment upon certain goods and chattels used in conducting a restaurant, alleged to be the property of the defendant, Jesus Mardueno, but which were then under the immediate charge of Mardueno's wife and daughter.

There is no uncertainty as to the identity or description of the property. The levy was made by the constable by taking the property into his custody and by putting a keeper in charge, but without removing it from the place of business. (It was the purpose of the officer, upon agreement with Mrs. Mardueno, to permit the use of the attached property in the conduct of the business for a period of two days, in order to sell out some perishable supplies.)

The following statement of occurrences, giving rise to the arrest and prosecution of Ross and to the institution of the present action, is the substance of appellant's testimony given upon the trial of the present action: While the attached property was under the charge of the keeper, Ross (though not an attorney at law) appeared upon the scene as the legal representative of Mrs. Mardueno and inquired of the keeper what he was doing there; that Ross took the keeper by the arm and told him to get out; that the keeper then left; that later the same evening O'Brien returned and locked up the doors and left the keeper again in charge; that Ross then returned, broke open the screen door and entered the premises, turned on the electric lights and again ordered the keeper to get out, which he did; that Ross then took a padlock off the front door.

(While it is in evidence that at a later time Ross made and filed a third-party claim in his own behalf to the attached property, basing his claim of ownership upon the contention that he had purchased it for $50, our understanding of the record is that the interference with the keeper's custody of the property was not made pursuant to said third-party claim, but that Ross was acting therein rather as the agent and representative of Mrs. Mardueno. The record discloses that, upon a trial of the issue, the court held Ross was not the owner of the property. It appears also that Chacon procured a judg-

ment against Mardueno in said action, pursuant to which the attached property was sold in satisfaction of the judgment.)

After the occurrences aforesaid, the constable consulted with a deputy district attorney of Imperial County concerning Ross' conduct and, upon being advised to do so, swore to and caused to be filed a complaint-criminal against Ross, in the Justice's Court of Imperial Township, charging him with violation of section 69 of the Penal Code. After a preliminary examination he was held to answer to the superior court upon said charge. Upon trial in the superior court he was acquitted. He then brought the present action for malicious prosecution against the constable, with the result aforesaid.

The fact that Ross was held to answer to the superior court was proof *prima facie* sufficient to establish probable cause for the prosecution; and the subsequent acquittal was not *prima facie* evidence of the want of probable cause. (*Randleman* v. *Boeres*, 93 Cal. App. 745 [270 Pac. 374].)

Appellant contends that the burden was cast upon defendant to show probable cause for the prosecution by virtue of the allegations of the answer to the effect that the criminal charge against Ross was true, referring to 38 Corpus Juris, page 476, and cases cited. Under the circumstances, it is not important where the burden of proof lay in this regard. There was substantially no dispute as to the facts. Ross' testimony alone shows probable cause, provided the grounds upon which he attempts to justify his action are unavailing. That attempted justification comes in part from the contention of appellant that the levy of the attachment as executed amounted to an attachment of the restaurant business; that the constable had no authority under the instructions from Chacon's attorney to attach the business as distinguished from the goods used in conducting the business; that, therefore, Ross was within his legal rights in interfering with the officer in any attempted levy upon the business. Even if correct in this view of the situation, such fact would not justify his interference with the officer in the levy of the writ of attachment upon the goods and chattels. To accomplish the levy of the writ upon said property, it was not necessary to remove it from the premises. The levy of the writ of attachment upon the goods and chattels was valid. (Sec. 542, Code Civ.

Proc.; *Rogers* v. *Gilmore,* 51 Cal. 309; *Smart* v. *Sosey,* 49 Cal. App. 332 [193 Pac. 167]; *Sinsheimer* v. *Whitely,* 111 Cal. 378 [43 Pac. 1109, 52 Am. St. Rep. 192].)

■ Appellant also attempts to justify his action upon the ground that the keeper was an alien and that, therefore, his appointment as keeper was in violation of the provisions of Act 258, Deering's General Laws. The justification upon that ground is entirely lacking. The keeper was at least a *de facto* officer, whose authority to act as such could not be called into question by appellant. (46 Cor. Jur. 886, n. 44; *Heath* v. *State,* 36 Ala. 273; *Reed* v. *State,* 103 Ark. 391 [147 S. W. 76, Ann. Cas. 1914B, 811].)

■ The court's action in directing a verdict for defendant was predicated upon a holding that the defense that defendant had acted on the advice of counsel in preferring and prosecuting said charge was a meritorious defense and one that had the support of the following authorities: *Johnson* v. *Southern Pacific Co.,* 157 Cal. 333 [107 Pac. 611], *Dunlap* v. *New Zealand F. & M. I. Co.,* 109 Cal. 365 [42 Pac. 29], *Randleman* v. *Boeres,* 93 Cal. App. 745 [270 Pac. 374], and *Moore* v. *Durrer,* 127 Cal. App. 759 [16 Pac. (2d) 676]. The ruling was correct. The record shows that a full and fair disclosure of the facts was made by defendant to the deputy district attorney; that said attorney advised that a criminal offense had been committed in violation of section 69 of the Penal Code, and that defendant should swear to and cause the complaint to be filed; that, pursuant to such advice, he acted accordingly.

■ Appellant contends also that if he had been permitted to do so he could have proved that the justice's court had no jurisdiction of the subject-matter of the civil action. The authorities are divided upon whether such fact would have constituted a defense to the charge of interfering with the officer. (38 Cor. Jur. 387, sec. 7.) We need not decide that question. No offer of proof was made. No copy of the complaint in said action is made a part of the record. However, a copy of the writ of attachment is set forth, from which it appears that the demand of the plaintiff was for $280. The court appears to have had jurisdiction. The burden is upon appellant to present a record which shows error; and no error appears.

Upon motion to tax costs claimed by defendant amounting to $23, the court determined upon conflicting evidence that witnesses were necessarily in attendance upon the court, that an appearance fee had been paid by defendant to the county clerk, and that the charges were proper. The ruling was supported by the evidence and was correct.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.