ÁNGELES JIMÉNEZ, Plaintiff and Appellant, *v.* MÁXIMO SÁNCHEZ, Defendant and Appellee.

No. 11014. Argued April 1, 1954.—Decided April 19, 1954.

A. *Figueroa Rivera* for appellant. *Faría, Fornaris & Ruiz* for appellee.

Mr. Justice Ortiz delivered the opinion of the Court.

In the former District Court of Humacao, Ángeles Jiménez filed an action for damages for malicious prosecution against Máximo Sánchez. In the amended complaint which initiated this litigation it was substantially alleged that "about March 1937, the defendant, Máximo Sánchez, maliciously, and aware that there was lack of probable cause therefor and with the deliberate intent of injuring the reputation and honor of the plaintiff, did falsely accuse the plaintiff, Ángeles Jiménez, charging him with having assaulted the informer with a revolver, and thereupon a warrant of arrest was issued against the plaintiff who was taken into

custody and deprived of his liberty and was compelled to furnish bail for his release"; and that by reason of said charge the District Attorney of Humacao instituted a criminal prosecution against Jiménez for an attempt to kill, of which he was acquitted by the jury after a trial.

After a hearing of the case, the Humacao Court rendered judgment dismissing the complaint on the following findings of fact:

"1. That the defendant, Máximo Sánchez, on March 15, 1937, was seriously wounded by a revolver shot while in an alley of his own farm and was taken to the Hospital Coombs of Fajardo where he was confined for several days.

"2. That when the Municipal Judge of Fajardo, at that time, Mr. Juan Nevares Santiago, appeared at the Hospital Coombs, the defendant testified before that official and later Lic. Miguel García González, District Attorney of Humacao came to the hospital and took defendant's testimony under oath.

3. That from the moment that defendant, Máximo Sánchez, was wounded while in the alley of his farm, he told the first person who arrived at the place of the occurrence that Ángeles Jiménez, the plaintiff, was the one who had wounded him and he so testified under oath upon being examined by Miguel García González, the District Attorney.

"4. That the Prosecuting Attorney, Miguel García González, took the testimony of other witnesses, in the course of his investigation, and subsequently charged Ángeles Jiménez with the crime of attempt to kill.

"5. That the first information filed by the District Attorney was dismissed because more than 120 days had elapsed, and a new information was made, the case being heard before a jury who acquitted plaintiff.

"6. That in the course of the investigation which was commenced by the Municipal Judge, Juan Nevares Santiago, and continued by the Prosecuting Attorney, Miguel García González, the defendant, Máximo Sánchez, did not participate in order to obtain evidence connected with the occurrence nor did he instigate these officials to file any information whatever but merely set forth the events of March 15, 1937, there being no malice or falsehood on the part of the defendant, Máximo Sánchez, in stating the facts under oath.

"7. That the charge of the Prosecuting Attorney, Miguel García González, accusing plaintiff, Ángeles Jiménez, of the crime of attempt to kill, was based on his belief that there was probable cause to accuse Ángeles Jiménez and obtain a verdict of guilty."

The plaintiff has appealed to this Court from the judgment rendered by the trial court. He alleges the commission of the following errors:

"1. The lower court erred in admitting in evidence for the defendant the summary of the investigation carried out in the criminal case of attempt to kill.

"2. The aforesaid court erred in dismissing our amended complaint."

■ At the outset we shall consider the second assignment. We would be justified in not considering it on the ground that it is too general. The appellants should place this Court in an adequate position to know what their allegations are by setting out specific assignments of errors. But in view of the fact that the grounds for appeal appear from the statement of appellant's brief, we shall consider the merits of the questions raised (*People* v. *Colón*, 68 P.R.R. 826), although those grounds are clearly untenable.

■ The judgment of the Humacao Court was correct, since in this case two of the essential elements of the action for damages for malicious prosecution are lacking, that is, it has not been shown that the defendant had instigated the District Attorney of Humacao to file an information against the plaintiff for attempt to kill, nor has it been established that when defendant informed the Prosecuting Attorney that the plaintiff had fired a shot at him, he made such a statement without probable cause.

The evidence introduced supports the findings of the trial court to the effect that the defendant merely testified under oath before the Prosecuting Attorney when answering the latter's question, in the course of an investigation, that he testified subsequently as a witness in the criminal prosecution instituted against plaintiff herein, and that defendant

in nowise instigated the Prosecuting Attorney to file an information against plaintiff herein. The Prosecuting Attorney testified at the trial held in the case at bar, and the trial court believed him. He stated that the defendant at no time intervened with the Prosecuting Attorney causing him to file an information, that he had taken into consideration the testimony of other witnesses and that the defendant did not put any pressure whatever on the prosecuting attorney to file the information.

The test of liability in this kind of case is whether defendant's action was the efficient cause of maliciously putting the law in motion in order to sustain the judicial action against plaintiff, the relevant test being whether defendant was actively instrumental in the initiation of the prosecution through some affirmative action by way of advice, petition, encouragement or pressure. (54 C.J.S. 966.) To furnish information to a prosecuting attorney does not by itself constitute an instigation, since generally in those cases the efficient cause of the initiation of the prosecution has been the initiative and decision of the prosecuting attorney, in the exercise of his discretion, after having carried out the corresponding investigation (*Torres* v. *Marcano*, 68 P.R.R. 813; 3 *Restatement, Torts*, § 653 (2) pp. 385, 386). No liability for malicious prosecution attaches merely for testifying as a witness for the prosecution. 54 C.J.S. 967; *Wolter* v. *Safeguards Stores*, 60 Fed. Supp. 12, affirmed in 153 F. 2d 641, certiorari denied in 67 S. Ct. 64; *Orth* v. *Bosker*, 30 Hawaii 520. In *Campbell* v. *Yellow Cab. Co.*, 137 F. 2d 918, it was held that where a taxi driver in response to a summons from the police identified plaintiff as a robber, believing his identification to be correct this does not justify recovery for malicious prosecution against the principal of the driver, especially when it has not been proved that anything whatever was done to influence public officers in the criminal prosecution in the exercise of their discretion. To attach liability under such circumstances might create serious

obstacles and difficulties in the administration of justice with respect to procuring testimony with regard to identity (*King* v. *Martin*, 142 S. E. 358). Besides, the rule we are adopting gives an adequate margin of effectiveness to the independence of judgment of a prosecuting attorney.

In identifying the plaintiff as the person who had fired at him, the defendant did not act maliciously and there was probable cause for his statement. Probable cause does not depend exclusively on the reality of the facts, there may be probable cause for an imputation even if it is proved that the imputation is objectively erroneous or mistaken, since what is essential to the existence of probable cause is whether the defendant had an honest or reasonable ground for such identification. 1 C.J.S. 977; *Van Sant* v. *American Express Co.*, 58 F. 2d 924; 169 F. 2d 355; *White* v. *Brinkman*, 73 P. 2d 254, 23 Cal. App. 2d 307; *Richler* v. *Reilson*, 54 P. 2d 54, 11 Cal. App. 2d 503; *Keezer* v. *Divelle-Kaiser Co.*, 225 N.Y.S. 722; *Eumont* v. *Railway Exp. Agency*, Louisiana, 36 So. 2d 30. With respect to testimony given in criminal prosecutions, probable cause for imputing the commission of a crime consists in the fact that there are reasonable grounds therefor, supported by circumstances which are sufficient to warrant a reasonable belief that the defendant is the author of the crime (1 C.J.S. 982). There may be probable cause even if there has been a reasonable mistake, incurred in good faith, concerning the identification of the author of the crime (3 Restatements, Torts, § 662, p. 406). The question of probable cause does not rest exclusively on the guilt or innocence of the defendant, but depends on the honest belief of the declarant as to such guilt, based on reasonable grounds (1 C.J.S. 986). The mere acquittal of a defendant by a jury is not evidence of want of probable cause. *Van Sant* v. *American Exp. Co.*, *supra; Ross* v. *O'Brien*, 48 P. 2d 718; *Shoemaker* v. *Shoemaker*, 78 A. 2d 605. It is so because an acquittal may be based on the existence of reasonable doubts as to the

defendant's guilt, while a person may have probable cause for an imputation even if he is not convinced beyond a reasonable doubt as to the certainty of his belief. 3 Restatement, Torts, p. 405. In 3 Restatement, Torts, § 667, p. 422, the following is stated:

"The fact that the accused was acquitted after trial by a magistrate or court is properly regarded as immaterial in determining the existence or nonexistence of probable cause. The existence of probable cause depends upon the accuser's reasonable belief in facts which, if true, would justify his belief in the guilt of the accused, while an acquittal by a magistrate or court merely shows that the evidence produced at the trial was not sufficient to remove all reasonable doubts as to the guilt of the accused. Furthermore, the acquittal may be due to proof of exculpatory facts which were unknown to the accuser when the proceedings were initiated or to the impracticability of producing witnesses to testify to the existence of facts of which the accuser had reliable information when he initiated the proceedings."

The community is interested in having crimes investigated and wrongdoers prosecuted and no penalty should be imposed on those who cooperate in the administration of justice. Naturally, there is an outstanding social interest in avoiding arbitrary malicious prosecution and abuse of innocent people. Therefore, the filing of a capricious information, in bad faith and with unreasonable grounds would serve as ground for an action of malicious prosecution. But testimony which is consistent with a reasonable belief should not bear liability.

We have examined the evidence introduced in the instant case and the findings of fact of the trial court and we are convinced that the defendant had probable cause to identify the plaintiff as the author of the crime charged.

Incidentally, our former opinion in this same case (*Jiménez* v. *Sánchez*, 60 P.R.R. 406), referred to the sufficiency of the complaint and not to the sufficiency of the evidence.

■ Nor did the trial court err in admitting in evidence the record of the investigation carried out by the Prosecuting

Attorney containing the sworn statements made before that official in the course of his investigation. Irrespective of the question of the alleged inadmissibility of that record to prove the veracity of the contents of the sworn statements, the document was admissible to prove both the fact that the Prosecuting Attorney made an investigation and the fact that the defendant did not instigate the filing of an information against the plaintiff. The circumstances surrounding the filing of the information were admissible to prove that the defendant did not initiate the proceedings. 1 C.J.S. 1605, § 89.

The judgment appealed from will be affirmed.

Mr. Justice Belaval did not participate herein.