[L.A. No. 29925. In Bank. Dec. 17, 1971.]

GEORGIA MAE LOVE et al., Plaintiffs and Respondents, v.
LESLIE R. KEAYS, as Marshal, etc., et al., Defendants and Appellants.

**COUNSEL**

John D. Maharg, County Counsel, Michael H. Dougherty and Eugenia B. Maxwell, Deputy County Counsel, for Defendants and Appellants.

Joel S. Aaronson and Philip L. Goar for Plaintiffs and Respondents.

**OPINION**

**THE COURT.**—In this proceeding seeking injunctive and declaratory relief we are called upon to determine the constitutionality of that portion of section 1174 of the Code of Civil Procedure[1] which deals with the enforcement of judgments in unlawful detainer actions. ■ The precise question presented to us is whether the above section, insofar as it denies judgment debtors the opportunity to make claims for exemption from execution pursuant to sections 690 to 690.50, inclusive, violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and article I, section 21 of the California Constitution. We hold that it does not.

Section 1174 which is set forth in pertinent part in the margin[2] pro-

---

[1] Hereafter, unless otherwise noted, all section references are to the Code of Civil Procedure.

[2] Section 1174, as amended in 1970 (Stats. 1970, ch. 654, § 1), provides in pertinent part as follows: "A plaintiff, having obtained a writ of restitution of the

vides in substance that if the defendant-tenant does not vacate the premises within five days of the service or mailing of notice of the enforcement of a writ of restitution obtained by the plaintiff-landlord, the enforcing officer shall remove the tenant from the premises and place the plaintiff in possession. All personal property of the tenant shall be stored by the plaintiff in a place of safekeeping for 30 days and may be redeemed by the tenant upon the payment of both reasonable storage costs incurred by the plaintiff and the judgment rendered in favor of the plaintiff, together with costs. If the property is not removed within 30 days it shall be deemed abandoned and may be sold at public sale. All money realized from the sale shall be used to pay the plaintiff's costs of storing and selling the property, any balance thereof applied in payment of the plaintiff's judgment, and any remaining balance returned to the defendant.

premises pursuant to an action for unlawful detainer, shall be entitled to have the premises restored to him by officers charged with the enforcement of such writs. Promptly upon payment of reasonable costs of service, the enforcing officer shall serve or post a copy of the writ in the same manner as upon levy of writ of attachment pursuant to subdivision 1 of Section 542 of this code. In addition, where the copy is posted on the property, another copy of the writ shall thereafter be mailed to the defendant at his business or residence address last known to the plaintiff or his attorney or, if no such address is known, at the premises. If the tenant does not vacate the premises within five days from the date of service, or, if the copy of the writ is posted, within five days from the date of mailing of the additional notice, the enforcing officer shall remove the tenant from the premises and place the plaintiff in possession thereof. It shall be the duty of the party delivering the writ to the officer for execution to furnish the information required by the officer to comply with this section.

"All goods, chattels or personal property of the tenant remaining on the premises at the time of its restitution to the plaintiff shall be stored by the plaintiff in a place of safekeeping for a period of 30 days and may be redeemed by the tenant upon payment of reasonable costs incurred by the plaintiff in providing such storage and the judgment rendered in favor of plaintiff, including costs. Plaintiff may, if he so elects, store such goods, chattels or personal property of the tenant on the premises, and the costs of storage in such case shall be the fair rental value of the premises for the term of storage. An inventory shall be made of all goods, chattels or personal property left on the premises prior to its removal and storage or storage on the premises. Such inventory shall either be made by the enforcing officer or shall be verified in writing by him. The enforcing officer shall be entitled to his costs in preparing or verifying such inventory.

"In the event the property so held is not removed within 30 days, such property shall be deemed abandoned and may be sold at a public sale by competitive bidding, to be held at the place where the property is stored, after notice of the time and place for such sale has been given at least five days before the date of such sale by publication once in a newspaper of general circulation published in the county in which the sale is to be held. Notice of the public sale may not be given more than five days prior to the expiration of the 30 days during which the property is to be held in storage. All money realized from the sale of such personal property shall be used to pay the costs of the plaintiff in storing and selling such property, and any balance thereof shall be applied in payment of plaintiff's judgment, including costs. Any remaining balance shall be returned to the defendant. . . ."

Plaintiffs, residents and taxpayers of Los Angeles County, brought this action under section 526a[3] seeking injunctive and declaratory relief against appellants Leslie R. Keays, Marshal of Los Angeles County, Peter J. Pitchess, Sheriff of Los Angeles County, and Lockhart Gale, Constable of the Malibu Justice Court, in their official capacities and as representatives of a class.[4] In the course of their duties these defendants enforce writs of restitution under section 1174, but they refuse to accept from the evicted tenant-debtors claims for exemption of certain types of property, as provided in section 690 et seq.[5] Prior to the amendment of section 1174 in 1968 (Stats. 1968, ch. 102 § 2),[6] all judgment debtors in California were entitled to hold the items of personal property designated in those sections exempt from execution.

The position of defendant-officers in the court below may be summarized as follows. They admitted that in the enforcement of writs of restitution of the premises pursuant to section 1174 they decline to accept from the tenant-debtor a claim of exemption from execution where the landlord-creditor is left in possession of the tenant's personal property. They contend that they only restore possession of the premises to the landlord. They do not take possession of the personal property of a tenant which has been left on the premises, but only inventory it or verify the landlord's inventory of it. Because they do not levy upon the property within the meaning of section 542[7] (see *Dutertre* v. *Driard* (1857) 7 Cal. 549, 551), they claimed that the exemption provisions are inapplicable.

Essentially the position of plaintiffs was that either the statute is subject to the exemption provisions of section 690 et seq., or it is unconstitutional as violative of the equal protection of the laws.

The trial court entered summary judgment for the plaintiffs. Finding

[3]Section 526a authorizes taxpayers to bring actions against government officials to prevent illegal expenditures of public funds. (See *Blair* v. *Pitchess* (1971) 5 Cal.3d 258, 267-270 [96 Cal.Rptr. 42, 486 P.2d 1242].)

[4]Defendants denied in their answer that they consented to represent all similarly situated officials in the State of California.

[5]Section 690 provides generally for the exemption from attachment or execution of the items of property delineated in sections 690.1 to 690.29. Section 690.50 sets forth the procedure by which a debtor may stay levy on exempt items.

[6]Plaintiffs' complaint, filed July 11, 1969, challenged section 1174 as amended in 1968. The section was subsequently amended in 1969 and 1970. The material changes in the statute which raise the issues now before us occurred in 1968. Since the later amendments effected no significant changes, we deal with the questions before us in the light of the section as it now reads. (See fn. 2, *ante.*)

[7]Section 542 describes with particularity the manner by which an officer is to execute a writ of attachment. Section 542, subdivision 3, provides in pertinent part, "Personal property, capable of manual delivery, in the possession of the defendant, must be attached by taking it into custody."

that section 1174 denies to one class of judgment debtors the exemptions available under the Code of Civil Procedure to all other judgment debtors, the court concluded that "said denial violates the equal protection clause of the Fourteenth Amendment to the Constitution of the United States." It enjoined defendants and their agents from enforcing section 1174. This appeal followed.

The issue before us is a bifurcated one: Is section 1174 limited by sections 690 to 690.50 which provide for the exemption from execution or attachment of specified property of judgment debtors? If it is not, does it thereby unreasonably discriminate against legally evicted tenant-judgment-debtors who do not remove their personal property from the premises within the five-day period prescribed by the statute?

Recently in *Gray* v. *Whitmore* (1971) 17 Cal.App.3d 1 [94 Cal.Rptr. 904], the Court of Appeal in a definitive opinion authored by Presiding Justice Molinari passed upon the contention that upon the enforcement, pursuant to section 1174, of a writ of restitution of the premises, the tenant-debtor is entitled to avail himself of his right to claim exemption from execution in respect to the personal property left on the premises. The court also passed upon alternative contentions that the section is repugnant to the due process and equal protection clauses of the United States and California Constitutions. We denied a hearing in that case.

In *Gray* the court held first that the tenant-judgment-debtor is not entitled to file with the enforcing officer a claim for exemption from attachment or execution since the only writ involved is one for the restitution of the premises. No property of the tenant is levied upon under a writ of execution. ■ ■ Furthermore, the statutory procedure was held to satisfy due process and equal protection requirements insofar as it directs the storage by the landlord of the tenant's personal property remaining on the premises and provides for the reimbursement of the landlord for storage costs. However, that portion of the statute requiring the evicted tenant to satisfy the money judgment entered in favor of the landlord in the unlawful detainer action in order to redeem his property, and allowing the landlord to apply the proceeds from any sale of the property in payment of the landlord's judgment, was held to deny due process and equal protection of the law. The court invalidated these latter provisions because without rational justification they allow landlord creditors to reach property which the exemption statutes prevent non-landlord creditors from reaching, and they do not further the statutory purpose of restitution of the premises. That part of section 1174, the court added, also denies the tenant-debtor the opportunity to dispute the landlord's claim that his money judgment be satisfied out of the tenant's stored property, and places the tenant-debtor

whose property is stored by a landlord in a more precarious position than all other judgment debtors.

In short, and insofar as it is pertinent to the issues now before us, the court in *Gray* concluded that where, as in the instant case, a writ of restitution of the premises is being enforced, the tenant-debtor is not entitled to file a claim of exemption from execution and that excepting the portion of the statute requiring the tenant to satisfy the money judgment against him, section 1174 is not otherwise repugnant to due process or the equal protection of the laws. As a result *Gray* denied the tenants relief against the sheriffs charged with enforcing the writ of restitution.

We agree with both the decision and the rationale of the *Gray* court. In our view the conclusions of the Court of Appeal in that case are dispositive of the issues raised now before us. Accordingly, we hold that in the instant case the trial court erred in concluding that section 1174, by denying to tenant-judgment-debtors the exemptions from attachment and execution provided by section 690 et seq., violated the equal protection of the laws.

The judgment is reversed.

Respondents' petition for a rehearing was denied January 13, 1972.